The issues submitted were:
1. Was the death of the plaintiff's intestate caused by the negligence of the defendants in selling podophyllin?
2. Did the decedent contribute, by her negligence, to her death?
3. What damage, if any, has the plaintiff sustained?
The facts are summarized in his Honor's charge which is referred to, with approval, in the opinion, and which was as follows: *Page 110 
"This is an action brought by the plaintiff against the defendants to recover damages, which he alleges he has sustained by the death of (178) his wife, brought about, as he alleges, by the selling by defendants to plaintiff of a poisonous drug, to wit, podophyllin, instead of a harmless drug, to wit, rhubarb.
In order that you may intelligently determine how the matter is, the Court will submit to you several questions, which you will answer, from the testimony in the case, after applying each principle of law as I shall give them to you. The first question which you are to answer is this:
"Was the death of the plaintiff's intestate caused by negligence of defendants in selling podophyllin?"
Negligence, in a general sense, is any omission to perform a duty imposed by law for the protection of one's own property or person or that of another. Negligence, to some extent, should be measured by character, risk and exposure of the business under consideration; and the degree of care of all parties is higher where the lives of others are endangered than in ordinary cases. The burden of proving negligence rests on the party alleging it, and when a party charges negligence on the part of another as a cause of action, he must prove the negligence by the preponderance of the evidence. Now in this case, if the jury should find the weight of evidence to be in favor of the defendants, or that it is equally divided or balanced, then you should answer the first question or issue "No"; and if you do this you need not answer either of the others.
In order to find for the plaintiff in this issue, you must find by this rule of proof two things: First, that the defendants sold to plaintiff podophyllin when he called for rhubarb; and secondly, that the death of his intestate resulted from the taking of said drug. The (179) evidence offered on the part of the plaintiff to support his first contention is, first, his own testimony. He tells you he went to the defendant's place of business in Castalia, and asked for rhubarb; also that when he got to Dr. Sills', having gone after him to attend his wife, he stated to Dr. Sills that he asked for rhubarb. Next the testimony of the witness White, who told you he saw Wiley Bartholomew a day or two after the alleged occurrence, when said Bartholomew expressed much regret at the death of Mrs. Wood, and added that it was his mistake, occasioned by having bottles of rhubarb and podophyllin near together on same shelf, and that he would not have had it happen for anything. To the same effect is the testimony of the witness Gupton, who told you he had heard said Bartholomew make a similar statement the next day or two after the alleged sale. And then plaintiff says you have Mr. Wood corroborated as to his statement to Dr. Sills by Dr. Sills *Page 111 
himself who, being asked, says that said Wood did tell him, the night he went for him, that he asked the defendants for rhubarb.
On the other hand you heard the evidence of defendant Bartholomew himself, who tells you that Wood did call for podophyllin, and he gave him just what he called for; and the further testimony of the witness Brown, who says he was in the room adjoining the drug store and heard Wood ask for podophyllin. Now this presents a clear-cut question of facts, which you must determine for yourselves.
If you should not be satisfied by greater weight of evidence that Wood asked for rhubarb and not podophyllin, you need not trouble yourselves further, but at once answer that issue (the first), "No," and return to the clerk. If, however, you should come to the conclusion that he did ask for rhubarb, then you will proceed to consider the other (180) view under the first issue, and that is, if the defendant sold podophyllin by mistake for rhubarb, did the said drug cause the death of Mrs. Wood? Plaintiff says it did, and says he has introduced evidence sufficient to satisfy you by greater weight of evidence; says he has shown you that the drug was administered — provided, of course, that you have found as heretofore explained, that the drug asked for was rhubarb and not podophyllin; that at the time it was administered his wife was in comparatively good health; that soon thereafter she became sick — had violent vomitings, nausea and purging, all of which he says are symptoms of poison by the drug podoyhyllin [podophyllin]. That he has shown you, further, that his two sons, who were also in comparatively good health, were also made violently sick by the taking of similar doses, and that in about four or five hours from time of taking it his wife was dead. Plaintiff argues that you can come to no other conclusion than that her death was caused by the taking of said drug.
In addition to this he further notes the testimony of Dr. Sills, who says: I think she must have died from the effect of that dose of medicine.
On the other hand, the defendants say you should not be so satisfied; that the testimony offered on behalf of plaintiff himself is not sufficient to do so; and then, further, that testimony tending to show that death would not result in less than ten or twelve hours, causes the scales to go down on his side. You should consider these contentions of defendants together with other arguments made by their counsel, and if you should not then be satisfied, by greater weight of evidence, that Mrs. Wood's death resulted from the taking of the drug, you will in this event answer issue, "No," and not consider the other issues. (181) If under my instructions you should, however, answer this issue "Yes," you will then proceed to consider second issue, to wit: Did decedent contribute, by her negligence, to her own death? *Page 112 
Contributory negligence is negligence not only upon the part of the one committing the injury, but also upon the part of him upon whom injury is committed and by which they both contribute thereto. One who is injured by the ordinary negligence of another cannot recover damages therefor, if the injured party by his own ordinary negligence proximately contributed thereto, so that it would not have happened but for his fault. On this issue the burden shifts to defendants: that is, the defendants must offer evidence which outweighs plaintiff's — else you will find for the plaintiff and write "No" as your answer. This, defendants say, they have done. They say that they have shown you that Mrs. Wood failed to exercise the care and diligence which a reasonably prudent person ought to have done under the circumstances. Mr. Wood admitted that Mrs. Wood had taken rhubarb several times before, and there being evidence tending to show that the two drugs in question are easily distinguishable by their smell and taste, they say further if she had used ordinary care she would not have taken the drug. They rely further upon the expert testimony also tending to show this. You have heard it all from the lips of witnesses and I have read you my notes of it, and it is your duty to give due consideration to it.
On the other hand the plaintiff says that the testimony tends to show that Mrs. Wood was a woman of only ordinary intelligence; that (182) the paper containing the medicine was handed to her on the porch at twilight and believing that it was rhubarb, she did just what an ordinarily prudent person would also do under such circumstances, to wit: take it without further investigation. If the jury should find that the light on the porch was such that the two drugs by sight could not be distinguished, and further shall find that there was nothing else to call Mrs. Wood's attention to the difference in the medicine from rhubarb, then it was not negligence in her to take it without carrying it to her nose or tasting it. Ordinary negligence is the want of such care and diligence as reasonably prudent men generally, in regard to the subject-matter of inquiry, under such circumstances as those under consideration, would use to endeavor to prevent the injury complained of; or that care which a person of common prudence takes of his own concerns; or that degree of care which men of common prudence exercise about their own affairs. If the defendants have satisfied you by the greater weight of evidence that from the former use of rhubarb and her knowledge of its taste and smell (her faculties being unimpaired), Mrs. Wood could, by the exercise of ordinary care, as before explained, have discovered that the medicine that she took was not rhubarb, she would be guilty of contributory negligence, and you will answer this issue "Yes." If they have not so satisfied you, you will answer it "No." If you have answered the first issue "Yes," and the second issue *Page 113 
"No," you will then proceed to answer the third. The only evidence of damages is that of Mr. Wood himself, who says that his wife's services were worth $150 per annum. According to the table of mortality her expectancy would be twenty-two and four-tenth years. You will multiply twenty-two and four-tenths years by $150, and then compute the present cash value of that sum. If the jury should (183) be satisfied that Mrs. Wood was a woman of delicate health, they can make such allowances as they think proper therefor. The testimony in the case is conflicting and you must reconcile it, if you can, and if you cannot, you must say who has told the truth. You will not allow any punitive damage or damages to solace plaintiff's grief. In determining this, you will consider the demeanor of witnesses on the stand, the reasonableness of their statements, any interest which they may have in the result of the suit, and also the evidence of good and bad character which has been given one of the witnesses. In considering this case, you will not do so from your sympathy or prejudice, but render your verdict from the testimony, applying the principle of law which I have given you. To recapitulate: If you should find Mr. Wood called for podophyllin instead of rhubarb, you will answer first issue "No," and not consider the matter further. If you find he called for rhubarb and was given podophyllin, but that Mrs. Wood's death did not result from the taking of the podophyllin, you will do likewise. On the other hand, if you find Mr. Wood called for rhubarb and got podophyllin, and that Mrs. Wood's death resulted from the taking of the podophyllin, you will answer that issue "Yes," and proceed to consider the second. If you find that Mrs. Wood did not use the ordinary care, as before explained in these instructions, which she ought to have used, you will answer it "Yes," and consider the third; otherwise you will answer it "No," and proceed to ascertain damages according to the rule I have laid down. The burden on the first issue is on plaintiff, and on second issue on defendant."
To the several charges as given by the judge the defendants (184) excepted.
The jury responded to the issues as follows: To the first issue, "Yes"; to the second issue, "No"; to the third issue, "$1,600."
There was judgment on the verdict for the plaintiff and defendant appealed.
The defendants are druggists, and the plaintiff, according to the finding of the jury, applied to them for rhubarb and they sold him podophyllin. This drug was given to his wife as rhubarb, from the *Page 114 
poisonous effects of which she died. And this action is brought against the defendants for damages caused by their negligence in selling the plaintiff podophyllin for rhubarb. The defendants deny that they sold podophyllin for rhubarb, and allege that if they did, and it was the cause of the death of the intestate, wife of plaintiff, still her death was caused by her own negligence contributed to that of defendants. But the jury has found that the death was caused by the negligence of defendants and not by the negligence of the intestate, contributed thereto — that intestate was not guilty of negligence in taking the drug, negligently sold by the defendants.
These questions are settled by the jury and must stand, unless the Court has committed some error in not dismissing the plaintiff's action upon the motion of defendants under the act of 1897, or in allowing improper evidence under the objection of defendants, or has failed to give some proper instruction asked by defendants, or has given (185) the jury improper instructions as to law governing the case which has been properly taken and pointed by exceptions. We have examined the record and fail to find any such errors.
There are some exceptions to evidence, but none of them can be sustained.
There are numerous prayers for instructions, not given by the Court as asked. But in our opinion every proper instruction asked by the defendants is given in the exhaustive written charge of the Court. And if there were error in the charge (and if so we have failed to see it) the exception to the charge is so general — "broadside" — that it could not be considered by the Court. Barcello v. Hapgood, 118 N.C. 712; S. v. Downs,ib., 1242.
But the case was principally argued before us upon the Court's refusing to dismiss the plaintiff's action at the close of plaintiff's evidence under the act of 1897; and that the Court failed to find and instruct the jury that the testator's death was caused by her own negligence in taking the defendants at their own word and in taking the drug to be what they said it was. That she, an uneducated woman in the science of medicine, should have discovered in the evening twilight by her sight and smell, what the defendants, being druggists, had failed to discover in broad open daylight by their sight and their smell, when they put up and weighed this drug!
We have considered at some length the effect of the statute of 1897 inPurnell v. R. R., post, 832, in which we held that the defendant has the right to have the ruling of the Court reviewed upon the status of the case at the time the motion is made. But the defendants, it seems to us, have entirely misconceived the application of this statute and (186) the duty of the judge. *Page 115 
It was not contended by defendants that plaintiff's evidence did not make out a case of negligence against the defendants. This statute only applies where it is alleged by the defendant that the plaintiff's evidence failed to make a case against the defendant. If the defendants were guilty of negligence that caused the interstate's death, and there was no contributory negligence on her part, the defendants are certainly liable.
The burden of the issue of contributory negligence is on the defendants. It is an affirmative issue and cannot be found by the Court. It must be determined by the jury. White v. R. R., 121 N.C. 484; S. v. Shule,32 N.C. 153. The Court might find that there was no contributory negligence if there was no evidence to support this issue. But that would be just what the defendants did not wish the Court to find. There is no error and the judgment is
Affirmed.
Cited: Meares v. R. R., 126 N.C. 428, 430; Neal v. R. R., ib., 648;McMillan v. R. R., ib., 726; Mfg. Co. v. R. R., 128 N.C. 285; Bessent v.R. R., 132 N.C. 944.