JOHN C. McMILLAN v. WILMINGTON AND WELDON RAILROAD
COMPANY.

(Decided May 29, 1900.)

*Damage by Fire from Locomotive—Motion to Nonsuit—Evidence of Plaintiff, How to be Considered—Fire Originating Off the Right-of-Way.*

1. On motion to nonsuit, or prayer for instruction that there was no evidence against the defendant, or that upon the whole evidence the jury should find in favor of defendant, whatever the evidence tends to prove must be taken by the Court as proved.

2. If the fire originated off the right-of-way of the defendant, then the company is not liable even if it was caused by sparks emitted from the engine of the defendant.

CIVIL ACTION for damages for injury done to plaintiff's land by fire originated on defendant's right-of-way from sparks emitted from the engine, tried before *Robinson, J.,* at December Term, 1898, of DUPLIN Superior Court.

At close of plaintiff's evidence, the defendant moved to nonsuit him, on the ground that he had failed to make out a case entitling him to recover. Motion refused. Defendant excepted. There was a verdict for plaintiff, and judgment. Defendant appealed. The evidence is stated, substantially, in the opinion.

*Messrs. Junius Davis,* and *H. L. Stevens,* for appellant.
*Messrs. Allen & Dortch,* for appellee.

FURCHES, J.  This is an action against the defendant upon the allegation that defendant negligently set fire to defendant's lands by reason of which plaintiff was damaged.

Upon the close of plaintiff's evidence defendant moved to

nonsuit plaintiff upon the ground that he had not made a case entitling him to recover. Chap. 109, Acts 1897. As this action was tried before the passage of chap. 131, Laws 1899, the defendant is entitled to have the case reviewed upon its status at the time this motion was made. *Purnell v. Railroad,* 122 N. C., 832; *Wood v. Bartholamew,* 122 N. C., 177. We have, therefore, examined the plaintiff's evidence for the purpose of ascertaining whether defendant's motion should have been allowed. We find that Lewis Bryant testified that when he saw the fire in the morning it was on the right-of-way. He also testified that the right-of-way was grassy. Lewis Murphy testified that "we had not burnt off the right-of-way north of Bear Ford that year." T. C. Carter testified it (the fire) had burned to a pond north of the culvert. Beyond the pond the right-of-way was covered with brown grass. * * * I saw continuous signs of fire from above the culvert on and across plaintiff's land. While it is not negligence for a railroad to run its trains over its roads well managed and well equipped, as it seems the defendant's train was, yet we know that no spark-arrester can be so constructed as to entirely prevent the emission of sparks, without destroying the efficiency of the engine; and while it was not negligent in the defendant to run such a train over its road, the fact that it had recently passed over the road, and fire was found there, was some evidence tending to show that it emitted sparks that set the grass on fire. The negligence complained of is not that of a defective engine or improper conduct on the part of the defendant in running its train, but in allowing the right-of-way to become foul with dead broom grass and other combustible matter which caused its train to start the fire that injured the plaintiff.

The evidence against the defendant is circumstantial it is

true, but so it often is in determining matters of the greatest consequences, criminal and civil.   So in this case we have the undisputed facts that the defendant had a railroad track and right-of-way; that its train had recently passed over this track, and that the fire was there that damaged the plaintiff. And in addition to this we have the evidence stated above, that the right-of-way was foul—that is, covered with dead broom grass, and that the fire when first seen (by some of the witnesses) was on the right-of-way; and we have the fact—known from common knowledge—that no spark-arrester, no matter how well constructed, will entirely prevent the emission of sparks.

Whether this evidence is considered upon the defendant's motion to nonsuit the plaintiff, or upon defendant's prayer for an instruction from the Court to the jury that there was no evidence, or that upon the whole evidence the jury should find the second issue for the defendant, the motion or prayer for instruction can not be sustained.   It is said in *Purnell v. Railroad, supra,* that in a motion to nonsuit the plaintiff upon the evidence, whatever the evidence tends to prove, must be taken by the Court as proved.   The same rule obtains in a prayer for instructions to the jury that there is no evidence. Upon this rule we are of the opinion that defendant's motion to nonsuit, and its prayer for instruction that there is no evidence, were properly refused.

That defendant's exception to the remark of the Court in refusing its motion to nonsuit the plaintiff, "in the hearing of the jury," can not be sustained.   This remark was not made to the jury but in the hearing of the jury, and as this fact (that it was not made to the jury) was called specially to our attention by plaintiff in the argument of the case, we would not have it understood that because we do not sustain defendant's exception we mean to say that remarks made by

the Judge in presence of the jury may not be the proper ground of exception. It might have been better not to have made this remark, but such things often occur in the trial of a cause by mere inadvertence, and do no harm. But this remark seems to have been made upon defendant's motion to nonsuit the plaintiff upon the ground that there *was no evidence* against the defendant. So we see that defendant's motion called upon the Court to decide this very question. The fact that the Court refused the defendant's motion was in substance to say that in the opinion of the Court there was evidence. And this brings the question to this: was the remark of the Judge correct as a matter of law? and we have already discussed this question, and agree with the Judge that it was some evidence.

The defendant asked, and the Court gave, the following instructions:

"1. The burden is upon the plaintiff to prove to you, by a preponderance of the evidence, that the fire which burned the plaintiff's land was set out by the engine of the defendant; and if the evidence of the plaintiff fails to satisfy the jury that such was the fact, then plaintiff can not recover, and the jury will find all the issues in favor of defendant."

"2. If the jury shall believe that the fire that burned plaintiff's land was originated by tramps mentioned in defendant's evidence, then the defendant is not guilty of any negligence in regard to the fire, and plaintiff can not recover."

"8. If the fire originated off the right-of-way of the defendant, then the defendant is not liable, even if it was caused by sparks emitted from the engine of the defendant."

In addition to the above his Honor gave the following charge:

"It is admitted by the plaintiff that the engine was equipped with a proper spark arrester, so that the only claim

of negligence is upon the ground that the defendant permitted rubbish or other material liable to become ignited to accumulate on its right-of-way. The burden rests, therefore, on the plaintiff to satisfy you by the greater weight of evidence that the defendant company permitted rubbish, grass or combustible matter to accumulate and remain on its right-of-way so near the track as to become ignited, and did become ignited, from sparks emitted from the engine and spread over the right-of-way to the lands of the plaintiff. If the plaintiff has failed to satisfy you of this, you will respond to the second issue 'No,' and will not consider the issue as to damages. You must first be satisfied that the fire was occasioned by sparks emitted from the engine, and also that the sparks fell on the right-of-way and ignited rubbish or combustible matter that had accumulated on the right-of-way. If the sparks fell from the engine beyond the right-of-way, the defendant would not be liable, and you will respond 'No' to the second issue."

In our opinion the prayers of the defendant given by the Court, and the charge of the Court in addition thereto, cover all the material facts developed by the evidence on the trial of this case, and contain a fair and correct exposition of the law. The other exceptions of the defendant are only evidentiary, or otherwise untenable.

That the defendant offered much evidence, tending to show that the fire was not set out by its train, but was the work of two tramps who stayed in the neighborhood the night before the fire, must be admitted. But this seems to us to have been fairly submitted to the jury, and they have found against that view of the evidence. We can not review their finding.

Affirmed.