### PARLIER v. SOUTHERN RAILWAY COMPANY.

(Filed November 19, 1901.)

1. NONSUIT—*Dismissal—Acts 1897, Ch. 109—Acts 1899, Ch. 131—Acts 1901, Ch. 594.*

Where a defendant introduces evidence after making a motion to dismiss at close of evidence for plaintiff, he thereby waives any rights he had under said motion; but he may renew the motion after all the evidence on both sides is in and the motion then stands upon a consideration of the entire evidence.

2. EVIDENCE—*Sufficiency—Negligence—Railroads.*

The evidence in this case is held sufficient to have been submitted to the jury on the question of the negligence of the railroad for injury to passenger alighting from the train.

ACTION by Alice J. Parlier against the Southern Railroad Company, heard by Judge *O. H. Allen* and a jury, at June (Special) Term, 1901, of the Superior Court of CABARRUS County. From a judgment for the plaintiff, the defendant appealed.

*Montgomery & Crowell,* for the plaintiff.

*George F. Bason,* and *A. B. Andrews, Jr.,* for the defendant.

FURCHES, C. J.  The plaintiff fell and was injured in getting off defendant's train at the station in Concord, and brings this action for damages.  At the close of plaintiff's evidence, the defendant moved to dismiss the plaintiff's action under the statute.  But upon the Court's refusing this motion, the defendant introduced evidence, and the plaintiff introduced additional evidence; and at the close of the plaintiff's additional evidence, the defendant renewed its motion to dismiss the action upon the ground that the evidence, if believed, did not make a *prima facie* case.  This motion being refused, the defendant excepted, and, upon appeal, assigned the following as error:

"1. The ruling of the Court refusing to nonsuit the plaintiff at the close of her own evidence.

"2. The refusal of the Court to nonsuit the plaintiff at the close of the whole evidence.

"3. The refusal of the Court to grant a new trial."

There are no exceptions to the charge of the Court, nor was there any exception to the evidence; and these assignments of error and the evidence constitute the case on appeal.

This Court held in *Means v. Railroad,* 126 N. C., 424, construing the act of 1897, Chap. 109, as amended by the act of 1899, Chap. 131, that if the defendant introduced evidence after making a motion to dismiss, he thereby waived any rights he had under said motion.  But at the close of all the evidence, he might renew his motion to dismiss, and this motion stood upon a consideration of the whole evidence introduced by the plaintiff and the defendant.  This construction has since been made the law by the Legislature. Acts, 1901, Chap. 594.

PARLIER *v.* RAILROAD.

As the defendant waived its first motion by introducing evidence, it is not necessary to consider the evidence introduced before the first motion and that introduced afterwards, separately, as this last motion depends upon the whole evidence in the case, and this evidence must be considered in the most favorable light for the plaintiff. Nor is it necessary that we should quote all the testimony, but only enough to show the negligence of the defendant, if believed.

Taggert, a witness for the plaintiff, testified: "That he was on the train that day; there were seven passengers to get off at Concord; my wife got off first, then a little boy, then Mrs. Barringer and Aunt Flora; I was just behind Mrs. Parlier; when she was on the last step, the train jerked off like a horse when you strike him. I had my little boy in my arms, and a valise, when I got off. We prepared to get off as station was called; so did Mrs. Parlier. We did not stand and talk. Conductor did not help any of us off; he was not there trying to keep people back."

There were other witnesses examined for plaintiff, but the evidence we have quoted was the most favorable for the plaintiff. This evidence was contradicted by that of the defendant, which, if believed by the jury, showed that defendant was not negligent, and that plaintiff's injury was without fault on its part. But this contradiction was a matter for the jury to settle, and can do the defendant no good on this appeal.

Upon the evidence, we do not think the Judge could have taken the case from the jury, as he had no more right to reconcile this conflict of evidence than we have.

There was no error in overruling the defendant's motion to dismiss, and the judgment is

Affirmed.