STATE v. HAGAN.

(Filed December 9, 1902.)

1. EVIDENCE—*Demurrer — Waiver — Aider — Homicide, Acts 1897, Chap. 109—Acts 1899, Chap. 131.*

Where an accused demurs to the evidence of the state, and afterwards introduces testimony which supplies a defect therein, his right to assign the overruling of the demurrer as error is thereby waived.

2. HOMICIDE—*Manslaughter—Instructions.*

Where the solicitor does not ask for a verdict of murder against the accused, and there is no evidence of self-defence, the killing being admitted or proved, an instruction that if the jury believe the evidence they should find the prisoner guilty of manslaughter, is proper.

INDICTMENT against W. E. Hagan, heard by Judge *W. B. Council* and a jury, at October Term, 1902, of the Superior Court of MADISON County. From a verdict of guilty of manslaughter and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
No counsel for the defendant.

MONTGOMERY, J. The indictment charged the prisoner with murder. After the evidence of the State was concluded, the prisoner demurred to the evidence, on the ground that it did not tend to prove that Cody, the deceased, died from the wound inflicted upon him by the prisoner. The demurrer was overruled, and the prisoner excepted. The prisoner then introduced evidence, a part of which made it clear that Cody died from a gun-shot wound given him by the prisoner. If the State had not introduced evidence sufficient to go to the jury that Cody died from the wound, and the Judge was in error in overruling the demurrer, a matter which we need not decide,

the error was cured by the course afterwards followed by the prisoner in offering evidence supplying that which the State lacked. The introduction of such evidence was a waiver of the prisoner's right to rely on the ruling as error. 6 Enc. Pl. and Pr., page 455. In *State v. Groves,* 119 N. C., 822, the trial Judge overruled the demurrer, and this Court said that in refusing to allow the prisoner to introduce evidence, and charging the jury upon the evidence of the State, admit-ted to be true by the demurrer, his Honor committed no error. The Court further said in that case: "As stated in that opin-ion *(State v. Adams,* 115 N. C., 775, 784), if the defend-ant has evidence, he should give the jury the benefit of it, and (unless his own evidence proves the case against him) it will be still open to him to ask an instruction that there is not sufficient evidence to go the jury. But if he demurs on that ground, the Court will not permit him to take 'two bites at a cherry' by fishing for the opinion of the Court and after-wards introducing testimony, if the demurrer is overruled." The Acts of 1897, Chap. 109, and 1899, Chap. 131, apply to civil actions and special proceedings, but if they could be applied to criminal actions, the same rule that we have laid down, viz., that the first motion to dismiss (demurrer to the evidence) of the State, would be of no avail to the plaintiff unless at the conclusion of the whole evidence it was renewed; and then it would have to be heard upon the whole evidence. *Parlier v. R. Co.,* 129 N. C., 262.

In the case before us, the Solicitor entered of record that he would not ask for a verdict of murder in the first degree, and on the argument did not insist on a conviction for murder in the second degree. At the conclusion of the evidence, his Honor explained the difference between murder and man-slaughter, and instructed the jury that there was no evidence that the prisoner fought in self defense, and that, as the Solicitor did not insist on a verdict for murder in the second

degree, they should return a verdict of guilty of manslaughter, if they believed the evidence, and if they did not believe the evidence, they should return a verdict of "Not guilty." We can not see how the prisoner could have reasonably excepted to that instruction. There was no evidence that he fought in self defense. He was therefore guilty of murder in the first degree, or murder in the second degree, or of manslaughter. He escaped on a conviction for the lightest of the crimes.

No Error.