T. P. ASHFORD v. JOHN A. PITTMAN.

(Filed 3 October, 1912.)

**1. Livery Stables—Bailee for Hire.**

One who stables and feeds horses for others for pay is a bailee for hire.

**2: Same—Damages by Fire—Evidence—Negligence—Rule of Prudent Man—Questions for Jury.**

In an action to recover damages from the defendant, engaged in keeping a stable for keeping and feeding horses of others for pay, there was evidence tending to show that the defendant built a large fire on his premises, around a pot for heating water for killing hogs, within 30 feet from the stable wherein he kept the horses of plaintiff and others, wherein was stored a large quantity of hay and other combustible matter, when a strong wind was blowing from the fire in the direction of the stables, so that sparks could easily have been thus carried there; that there was no other fire around or near the stables; that the defendant immediately left the fire at the pot burning and unprotected, and a short while thereafter the stables caught and were destroyed, including the plaintiff's horse: *Held,* (1) though the evidence

was circumstantial, it was sufficient to be submitted to the jury upon the question of the defendant's actionable negligence; (2) should the jury find that the fire at the pot was the cause of plaintiff's loss, it would be for them to determine whether, under the facts and circumstances of the case, a man of ordinary prudence would have built such a fire at the place, and left it there unprotected.

APPEAL by plaintiff from *Ferguson, J.,* at Spring Term, 1912, of ONSLOW.

Civil action to recover damages for the alleged negligent death of the plaintiff's horse by burning. At the close of the evidence a motion to nonsuit was sustained, and the plaintiff appealed.

*D. E. Anderson for plaintiff.*
*D. L. Ward and Frank Thompson for defendant.*

BROWN, J. The plaintiff's horse was stabled with the defendant for safekeeping as a bailee for hire. The defendant's stables were on his premises in the town of Swansboro, and in them the defendant had been keeping horses for stabling and feeding for pay for the plaintiff and others.

On 13 December, 1910, the stables were burned and the plaintiff's horse was destroyed by fire, caused, as alleged, by the negligence of the defendant.

The liability of a bailee for hire for the failure to use ordinary care in the keeping of the property committed to his charge is too well settled to need the citation of authority. Jones on Bailments, 5; 3 A. and E. Ency., 742.

The only assignment of error presents the question as to whether there is any evidence of negligence.

The evidence tends to prove that on the morning when the stables were burned the defendant caused to be built a large fire around a pot to heat water for hog killing; that this fire was built within 30 feet of the stables in which the defendant had stored a large quantity of hay and other combustible matter; that a strong wind was blowing at the time very nearly in the direction of the stables, so that sparks from the fire could easily reach them; that there was no other fire around or near the stables except the one built around the pot; that immediately

after building the fire the defendant went away and left it unprotected and unguarded; that after the defendant went into his house, in some little while the cry of "Fire" was heard, and the defendant ran out and found the stables on fire. The plaintiff's horse was burned to death in the stables.

No evidence is offered which tends in the least to explain or throw any light upon the cause of the fire unless it caught from the fire around the pot built within 30 feet of the stables. It is true that the evidence does not prove conclusively that the stables caught from the fire built so near them, but we think the evidence is of such circumstantial character that it should be submitted to the jury to be determined whether the building the fire around the pot caused the burning of the stables.

Circumstantial evidence has frequently been allowed to determine matters of much greater consequence, both criminal and civil. There are a number of cases in our reports where the evidence of circumstances has been allowed to go to the jury as bearing upon the origin of a fire. *McMillan v. R. R.,* 126 N. C., 726; *Aycock v. R. R.,* 89 N. C., 327; *Simpson v. Lumber Co.,* 133 N. C., 101.

If the jury shall determine that the building of the fire around the pot was the cause of the burning of the stables and the plaintiff's horse, then it will be a question under the peculiar circumstances and facts of this case for the jury to say whether a man of ordinary prudence would have built such a fire in such a place and under such circumstances.

New trial.