H. A. OSBORNE AND W. J. FLOWE v. SOUTHERN RAILWAY COMPANY.

(Filed 28 May, 1918.)

**1. Carriers of Goods—Live Stock — Negligence — Evidence — Questions for Jury—Trials.**

In an action against the carrier for damages for the destruction of a shipment of live stock by fire, a prima facie case is made out when the plaintiff shows the receipt of the cattle for transportation and their non-delivery.

**2. Carriers of Goods—Negligence—Sparks — Origin — Circumstantial Evidence.**

It may be shown by circumstantial evidence that a spark which caused the plaintiff's cattle to be destroyed by fire while being transported by the defendant carrier originated from the defendant's locomotive.

**3. Carriers of Goods—Negligence—Bills of Lading—Contracts—Live Stock.**

Under the provisions of the "Cummins'" Amendment, a common carrier may not stipulate in its bill of lading for exemptions from liability for damages to a live-stock shipment caused by its own negligence.

**4. Carriers of Passengers—Live Stock—Attendant—Negligence—Evidence —Questions for Jury—Trials.**

A carrier transporting live stock is not held to the same absolute liability to the attendant in the car, a passenger, as it is to the owner of the cattle, for damages arising from the destruction of the car by fire; but it is *Held,* the evidence in this case was sufficient to be submitted to the jury on defendant's liability to the attendant, in his action.

APPEAL by defendant from *Lane, J.,* at January Term, 1918, of HAY-WOOD.

This is an action by plaintiff Osborne for the destruction by fire of seven head of high-grade Guernsey cattle, while in transit on defendant's

road, and the plaintiff Flowe sues for damages because of injuries sustained in the same fire, he being in the car with the cattle as a caretaker.

These cattle were shipped in October, 1916, from Canton, N. C., to the Raleigh, N. C., Fair, where they were exhibited, and on return were burned by the car taking fire near Lexington, N. C.

By consent the two actions were consolidated and tried together. From the verdict and judgment in favor of both plaintiffs the defendant appealed.

*Alley & Leatherwood, E. C. Ward, and J. B. Smathers for plaintiffs.*
*Martin, Rollins & Wright for defendant.*

CLARK, C. J. The defendant states in his brief that the only question presented is whether there was sufficient testimony of negligence to be presented to the jury.

There was evidence that the defendant permitted the car in which the cattle had been loaded on their return trip to remain on the yards in Raleigh 25 hours, thereby greatly depleting the water supply provided for the use and protection of the cattle and of their caretaker, the plaintiff Flowe, who testified that the water was entirely exhausted before he reached Greensboro on the night of 22 October; that he had no opportunity to replenish the water supply at Greensboro, and did not know where to get water, nor how long he would be there; that on leaving Greensboro he laid down and went to sleep opposite the door, with his head away from the engine; that the eastern door of the car was closed, and the other door about one-third open; that when he woke up the fire, presumably from a spark from the engine, was burning slightly in the straw bedding near his head; that he tried to smother the flames with his jacket, but could not put them out because of the draft caused by the motion of the train, and there was no water in the barrel at the time; that when he found it impossible to put out the fire, he passed through the flames and swung himself outside the car, holding by the top of the door while the train was going 30 to 40 miles an hour.

There was also evidence that the defendant was negligent in placing the car in which these cattle were loaded the second car from the engine, and in front of a long train of cars, instead of at the rear of the train. The witness further testified that he had scattered 3 or 4 bales of straw in the car as bedding for the cattle and that one of the doors of the car was open about 18 inches; that the car as thus loaded was inspected by the defendant's agent at Raleigh and again by its conductor at Greensboro, who made no objection, and the defendant was thus fixed with knowledge of the inflammable matter in the car, and the danger of placing the car so near the engine. He also testified that he filled up the

barrel with water in Raleigh to water the cattle and as protection against fire, but it was exhausted by the long detention at Raleigh, and in the trip to Greensboro. The defendant's conductor testified that there were 22 cars in the train at the time of the accident and that the car in which the cattle were loaded was the second car from the engine. The Rule Book of the defendant, section 786, in evidence, directs yardmasters and train crews that "cars containing live stock should be placed in the rear of the train, and immediately ahead of the caboose."

There was also evidence tending to show that the defendant was negligent in failing to equip its engine on this train in which plaintiff Osborne's cattle were burned to death and upon which plaintiff Flowe was injured, with a safe and suitable spark arrester. It is true the engineer, Holt, testified that the spark arrester was in good condition the next day, but this left it a matter of fact for the jury whether it was in good condition on the night of the fire.

As to the plaintiff Osborne, it is the duty of the common carrier, irrespective of contract, to safely carry and deliver all goods delivered to it. If the goods are lost or damaged the burden is on the carrier to prove facts that would relieve it from liability. The plaintiff made out a prima facie case when he showed the receipt of the cattle for transportation and their nondelivery. *Mitchell v. R. R.,* 124 N. C., 239. The origin of the fire may be established by circumstantial evidence, and it was not necessary that any witness should testify that he saw the sparks coming from the engine. There was no evidence tending to show any other origin, which, besides, was a matter of defense. *McMillan v. R. R.,* 126 N. C., 725; *Williams v. R. R.,* 140 N. C., 623; *McRainey v. R. R.,* 168 N. C., 571.

The bill of lading in this case expressly excepted from the restrictive clauses the liability of the carrier for negligence. Even if this had not been done, the carrier would have none the less been liable for negligence under the "Cummins" amendment, which restored the law that a carrier could not stipulate for exemption from liability for damages occasioned by its own negligence.

While there is not the same absolute liability for safe carriage of a passenger as there is in regard to the safe transportation of freight, the evidence of negligence as above recited was sufficient to submit the case to the jury in regard to personal injuries sustained by the plaintiff Flowe. In *Barnes v. R. R.,* this Court said, *Allen, J.:* "Proof that the plaintiff was injured in the manner described while a passenger on the train of the defendant is itself some evidence of negligence. 5 R. C. L., 74; *Marable v. R. R.,* 142 N. C., 557; *Gleeson v. R. R.,* 140 U. S., 445." This last case is quoted freely in *Barnes v. R. R.* and is conclusive.

We think that in submitting the case to the jury there was

No error.