T. W. MEWBORN, TRADING AS T. W. MEWBORN & COMPANY, v. A. E. SMITH AND METTIE F. SMITH.

(Filed 1 April, 1931.)

1. **Fraud C d—Where fraud is relied on as defense it must be proven by preponderance of the evidence.**

   Where the maker of a note admits her signature thereto and resists payment thereof on the ground of fraud in the procurement of her signature, she is required to establish the alleged fraud by the preponderance of the evidence.

2. **Trial G a—Where court has refused motions for directed verdict he may not grant motion to set aside for insufficient evidence as matter of right.**

   Where during the trial the judge refuses at the close of plaintiff's evidence his motion for a directed verdict in his favor, and again does so at the close of all the evidence, he may not after verdict in defend-

ant's favor grant plaintiff's motion as a matter of right to set aside the verdict, the case being analogous to the statutory right given a party to move for judgment as of nonsuit, it appearing that the trial judge did not set aside the verdict as a matter within his discretion.

APPEAL by defendant, Mettie F. Smith, from *Midyette, J.,* and a jury, at February Term, 1930, of LENOIR. Error.

This is an action brought by plaintiff against defendants to recover the sum of $754.76 and interest on same from 29 March, 1921, due on note (bond) under seal secured by mortgage.

The defendant A. E. Smith made no defense. The defendant Mettie F. Smith set up the plea that the execution of the bond and mortgage were procured by fraud on her. This was denied by plaintiff. The case was first heard in the municipal and county court, and it was adjudged by the proceeding in that court that the signature of Mettie F. Smith was not procured by fraud. She appealed to the Superior Court. The issue submitted to the jury in the Superior Court and their answer thereto, were as follows:

"Was the execution of the note by Mettie F. Smith procured by false and fraudulent representation, as alleged in the answer? Answer: Yes."

Upon the coming in of the verdict, the plaintiff moved the court to set same aside as a matter of right; motion allowed and defendant, Mettie F. Smith, excepted. Defendant, Mettie F. Smith, made motion for judgment on the verdict; motion denied; defendant, Mettie F. Smith, excepted. Judgment signed as appears in the record and from the judgment Mettie F. Smith excepted. Appeal was duly made to the Supreme Court assigning errors on the exceptions above set forth.

*Rouse & Rouse for plaintiff.*
*Shaw & Jones for defendant.*

CLARKSON, J. The defendant, Mettie F. Smith, having admitted the execution of the note (bond) under seal and mortgage, was required to produce evidence upon her allegation of fraud.

In *Montgomery v. Lewis,* 187 N. C., at p. 577, we find: "But when the relief demanded was that the deed should be declared void because it was procured by fraud or undue influence or because it was executed with intent to hinder, delay or defeat creditors, the decisions have held uniformly that a preponderance of evidence was sufficient to establish the material allegations."

The record discloses that at the close of defendant's evidence, plaintiff moved for directed verdict in favor of plaintiff; denied; plaintiff

excepted. At the close of all the evidence plaintiff renewed motion for directed verdict; motion denied; plaintiff excepted.

The court below denied these motions of plaintiff and the jury, on sufficient evidence, rendered a verdict in favor of defendant. There are no valid reasons in the findings of the court below for setting aside the verdict. The reasons assigned are insufficient in law.

In *Godfrey v. Coach Co., ante,* at p. 42, it is said: "At the close of plaintiff's evidence the defendant demurred and moved for judgment as of nonsuit and renewed its motion at the conclusion of all the evidence. Each motion was denied and in each instance the defendant excepted. By refusing to dismiss the action the trial court adjudged that the evidence was of such probative character as to require the jury's answer to appropriate issues. Having in this way twice adjudged the sufficiency of the evidence, should not the court have regarded its judgment on this point conclusive? It should be noted that as now enforced the right to demur to the evidence in a cause is conferred by statute. The immediate question, which relates to the scope of the statute and the function of the trial court, was considered and determined in *Riley v. Stone,* 169 N. C., 421. On page 424, it is said: 'The motion to dismiss because there is not sufficient evidence to submit the case to the jury when made under the former practice cut off the further introduction of evidence. The statute extended the time for a renewal of the motion to the close of all the evidence. The judge had no power to extend it by amending the statute so as to permit the motion to be made a third time under the guise of "renewed the motion" after verdict. His decision, twice made, that there was evidence to go to the jury, was final upon that point, subject to exception made and entered at the time.' " *Vaughan v. Davenport,* 159 N. C., 369; *Lee v. Penland, ante,* 340.

In *Nowell v. Basnight,* 185 N. C., at p. 147, we find: "The following may be considered as fairly interpretative of C. S., 567: 'Change of practice. This section changes the practice in demurrers to the evidence: *Riley v. Stone,* 169 N. C., 421; *Prevatt v. Harrelson,* 132 N. C., 252; *Means v. R. R.,* 126 N. C., 424. Under the act of 1897, prior to act of 1899: *Parlier v. R. R.,* 129 N. C., 262; *Purnell v. R. R.,* 122 N. C., 832; *Worth v. Ferguson,* 122 N. C., 381; *Wood v. Bartholomew,* 122 N. C., 177. It does not apply to a defense, *Lester v. Harward,* 173 N. C., 83, but may apply to a counterclaim, *Tarault v. Seip,* 158 N. C., 363. Held not to apply to criminal action, *S. v. Hagan,* 131 N. C., 803; but may now, under section 4643. Time of making motion. It must be made first at the close of plaintiff's evidence, and before defendant introduces any evidence: *Smith v. Pritchard,* 173 N. C., 720; *McKellar v. McKay,* 156 N. C., 283; *Boddie v. Bond,* 154 N. C., 359. It is not

allowed after verdict, *Vaughan v. Davenport,* 159 N. C., 369; nor after verdict set aside, *Riley v. Stone,* 169 N. C., 421; nor after judgment by default and inquiry, *Mason v. Stephens,* 168 N. C., 370.' "

In *Price v. Insurance Co., ante,* at p. 428, it is said:·"In the interpretation of the statute this Court has held that the trial judge has no power to grant the defendant's motion to dismiss the action for insufficient evidence as a matter of law after the verdict has been returned. *Godfrey v. Coach Co., ante,* 41. 'The judge has no power to extend the time by amending the statute so as to permit the motion to be made . . . after verdict.' *Riley v. Stone,* 169 N. C., 421. After verdict he is remitted, on this point, to the exercise of his discretion. *Lee v. Penland, ante,* 340. While a motion to dismiss for insufficient evidence must be disposed of before a verdict in the way the statute prescribes, a motion to set aside a verdict or judgment may be entertained for other errors of law committed during the trial, such, for example, as error in the admission or rejection of evidence or in the charge of the court to the jury."

Upon the record in this action and by analogy to the above authorities, the court below was remitted to its discretion, apparently this has not been exercised.

Error.