Daniel, Judge,
 

 after stating the substance of the case, as above, proceeded: — We see no ground for a new trial in this case. The evidence objected to was admitted — and, as we think, correctly — to repel an allegation made by the defendant, of an
 
 alibi.
 
 And after the evidence was admitted by the court, the weight and effect of it was matter for the jury only; and it seems to us, that there was nothing left for the court to remark upon; especially, as no particular charge concerning this evidence was prayed by the defendant. We have examined the reasons in arrest, and concur in opinion with the judge who pronounced thejudgment. 1st. Thetwodetachedpiecesofpaper writing purporting to be a transcript of the record, contained everything necessary to give Buncombe Superior Court jurisdiction: it contained the indictment, plea, and order of removal. In that shape it was entered on the state docket, and the defendant went to trial. From great caution, the judge suspended judgment at the trial term, and sent a
 
 certiorari
 
 for such a record as could not be cavilled about. At the term judgment was rendered, the record was unexceptionable, and showed that the two pieces of paper which had been received as the record of the case, and on which the defendant had been tried, con
 
 *38
 
 tained a true and complete transcript of the record when it was removed from Rutherford. So, when judgment was pronounced, the record showed that the case had been properly removed; and that Buncombe Superior Court had jurisdiction of the case, at the term the trial took place. The record being unexceptionable when judgment was prayed, there was nothing to restrain the judge from pronouncing it.
 

 2ndly. This court decided, in the case of the
 
 State
 
 v.
 
 Simpson,
 
 2 Hawks, 460, that an indictment for malicious mischief, which concluded at common law, was good. That decision was made in the year 1823, and since that time many convictions on indictments for malicious mischief, at common law, have taken place on the circuits of this state. In the year 1826, the legislature indirectly approved of the decision; for in the act limiting the time that indictments for misdemeanors should be brought, it is declared, that in all trespasses and other misdemeanors, except the offences of perjury, forgery,
 
 malicious mischief,
 
 and deceit,
 
 the
 
 prosecution shall
 
 commence within three
 
 years after the commission of the offence. After what has taken place, we think the period too late for us now to examine further into the question.
 

 3dly. The objection is, that the indictment does not charge malice against the owner of the property. We have looked into the books of forms and precedents, and find that the form of this indictment corresponds with the form prescribed in the books. What evidence the state must produce to support such an indictment as this, we are not called on to decide. We think there is no ground either for a new trial or arrest of judgment; and this opinion will be certified to the Superior Court of law for the county of Buncombe, that it may proceed to final judgment in the case..
 

 Per Curiam. Judgment affirmed.