## J. L. ANDREWS AND WIFE v. POSTAL TELEGRAPH COMPANY.

### *Trial—Issues—Instructions—Exceptions.*

1. In the trial of an action against a telegraph company for damages for failure to send a telegram, in which contributory negligence had not been alleged by defendant, the court submitted issues involving (1) the negligence of the defendant; (2) the contributory negligence of plaintiffs; (3) the question whether, notwithstanding the contributory negligence of plaintiffs, defendant could, by ordinary diligence, have avoided the injury; and (4) the amount of damages; *Held*, that, as under the third and fourth issues, plaintiffs could develop their whole case and have every principle of law to which they were entitled applied, in any aspect of the case, the submission of the issues as to contributory negligence (while not necessary) was harmless error.

2. Where, in the trial of an action against a telegraph company for damages for negligent failure to deliver a telegram, the jury answered the issue as to the negligence of the company in the affirmative ; *Held*, that the verdict cured any error in the refusal of the court to give proper instructions prayed by plaintiffs touching the negligence of defendant.

3. A broadside exception to a charge "for error in the charge as given" will not be considered.

CIVIL ACTION, for damages, tried before *Greene, J.*, and a jury, at May Term, 1896, of CUMBERLAND Superior Court. There was a verdict for plaintiffs, assessing their damages at twenty-five cents, and from judgment thereon and for errors assigned (as referred to in the opinion of Associate Justice MONTGOMERY) the plaintiffs appealed.

*Messrs. N. W. Ray* and *G. M. Rose*, for plaintiffs (appellants.)

*Messrs. J. C.* and *S. H. MacRae* and *MacRae & Day*, for defendant.

MONTGOMERY, J. : This is an action for damages in which the plaintiffs claim for injury alleged to have been received on account of the negligent failure of the defendant to send and deliver a telegram from the *feme* plaintiff to her husband, the other plaintiff, informing him of the death of her father, by reason of which negligence the plaintiff husband, it is alleged, was not notified of his wife's father's death in time to be present at the funeral, and to be with and console his wife, the consequence being that they both suffered great anguish of mind. The answer denies all the material allegations of the complaint, and on the trial the testimony, on the most important questions of fact, was conflicting and contradictory. The plaintiff alleged that when the telegram was delivered to the operator in Fayetteville 25 cents was paid for its sending, and the operator agreed and promised to send the same immediately, and the plaintiff introduced testimony to this effect. There was testimony for the defendant, tending to show that the operator told the sender of the message that the operator at Elizabethtown, the point to which the telegram was directed, was not there ; that he was out on the line on duty, and that he would have to accept the telegram subject to delay on this account. The operator at Fayetteville also testified that he often called the operator at Elizabethtown, and that he transmitted the message on first response to call. The operator at Elizabethtown testified that, after he returned to his office and received the telegram, he immediately went to every boarding-house in town to find the plaintiff husband, but he was not to be found ; that on the next morning he went to every store in the town in search of him, without avail ; that when he was found he was outside of the free-delivery limits. Several witnesses testified also that the plaintiff husband said, after he had received the telegram, that the

delay in delivering it made no difference, as he could not have gone. The plaintiff denied that. The following issues were submitted to the jury, and were excepted to by both plaintiff and defendant :

1. Did defendant negligently fail to transmit or deliver the message as alleged ?   Ans., " Yes."

2. Did plaintiffs, by their own negligence, contribute to the injury ?   Ans., _____.

3. Notwithstanding the contributory negligence of plaintiffs, could defendant, by ordinary diligence, have prevented the injury ?   Ans., " Yes."

4. What damage, if any, have plaintiffs sustained by the reason of the negligence of defendant ?   Ans., " Twenty-five cents."

We cannot see why the second and third issues should have been submitted. Contributory negligence on the part of the plaintiffs had not been pleaded. But the exception of the plaintiffs to the issues ought not to be sustained, because under the first and fourth they were enabled to develop their whole case, and to have every principle of law to which they were entitled applied in any aspect of their case.

The plaintiffs' exception to the charge, which was in these words, " for error in the charge as given," is not sufficiently explicit, and we will not review the charge. Exceptions to errors in the charge of the court must be assigned specifically. *McKinnon* v. *Morrison*, 104 N. C., 362, and a long line of cases cited in Clark's Code, p. 382.

Many special instructions were prayed for by the plaintiffs, and the court declined to give them, or any of them. They were each and all bearing on the subject of the negligence of defendant. If there was any error in refusing them it was cured by the verdict, for in response to the first issue (whether or not the defendant was negligent)

the jury answered " Yes." There was no instruction asked concerning the rule by which the jury should estimate the plaintiffs' damages, and no proper exception having been made to the charge of the court, in that or any other particular, the plaintiffs are bound by the verdict and judgment.

This Court, at its present Term, in the case of *McNeill* v. *McDuffie*, decided that the May Term,1896, of Cumberland superior court was held in accordance with law, and the plea to the jurisdiction was overruled.

The plaintiffs are not entitled to a new trial upon their exceptions, and the judgment is affirmed.

Judgment Affirmed.