STATE v. WORLEY.

(Filed March 13, 1906).

*Homicide—Evidence—Harmless Error—Declarations of De-
ceased—Killing with Deadly Weapon—Failure to Charge
—Aiding and Abetting.*

1   Exceptions to the admission of evidence tending to prove premedi-
    tation will not be considered where the record shows there was
    no conviction of murder in the first degree.

2.  In an indictment for murder, declarations of deceased in relation
    to a prior difficulty with one of the defendants was inadmissible,
    where the language contained no threat.

3.  A killing with a deadly weapon implies malice, and, when admitted
    or proved, the prisoner is guilty of murder in the second degree,
    and the burden rests upon him to prove the facts upon which he
    relies for mitigation or excuse, to the satisfaction of the jury.

4.  An omission to charge on a given point is not error, unless there is
    a prayer to instruct thereon.

5.  Where the defendants were acquitted of murder in the first degree,
    an exception to the charge of the court relating to that feature
    of the case is without merit.

6.  In an indictment for murder, a charge that "If the defendant aided
    and abetted his co-defendant (his brother) in an assault on the
    deceased, then he would be guilty of murder in the second de-
    gree, manslaughter, or excusable homicide, according as his
    brother was guilty or excusable. But to convict defendant the
    jury must be satisfied beyond a reasonable doubt that he aided
    and abetted his brother. If his purpose was to. extricate his
    brother, he would not be guilty of any offense," was correct.

STATE *v.* WORLEY.

INDICTMENT against Thomas F. Worley and Clem Worley for the murder of one Ed. Warters, heard by *Judge O. H. Allen* and a jury, at the June Term, 1905, of the Superior Court of LENOIR.

The defendant, Thomas F. Worley, was convicted of murder in the second degree and Clem Worley of manslaughter. From the judgment pronounced, both defendants appealed.

*E. M. Land* and *G. V. Cowper,* with the *Attorney-General,* for the State.
*N. J. Rouse, Wooten & Wooten* and *Aycock & Daniels* for the defendants.

BROWN, J.   In the consideration of this appeal we have been greatly aided by most carefully prepared briefs filed by the defendants' counsel, as well as by the Attorney-General, who in the investigation of State cases never fails to be of great assistance to the court.

The defendants are charged with the murder of one Ed. Warters on April 22, 1905, in the County of Lenoir.   There was evidence on the part of the State tending to show that the deceased and the Worleys were in Kinston on the day of the homicide and left there in the afternoon, the deceased and Cully Williams leaving first in a cart, and the Worleys following soon thereafter in a buggy.   On the way the parties reached a stock-law gate.   Thomas Worley got out of the buggy, and, speaking to Cully Williams, said: "Mr. Williams, was that you spoke to me back yonder?"   Williams replied, "Yes," and Thomas said, "I thought so; I do not speak to that fellow you are with, for he is a d—d coward." About this time it appears that the deceased and the other Worley alighted from their vehicle and were standing near the gate cursing each other.   The deceased had a pistol in his hand and, as the Worleys started towards him, fired four shots, injuring no one, and then threw the weapon on the

ground. When the firing ceased, the Worleys rushed up and a struggle ensued. The deceased broke away and ran down the·road, Thomas and Clem following 35 or 40 steps, and in the pursuit Thomas drew a knife and inflicted a number of wounds upon the person of the deceased, from the effect of which he died in a few minutes. Evidence was introduced by the defendants tending to prove that the homicide was committed in self-defense. They contended that the deceased fired at them four times, and that they rushed up for the purpose of disarming him in order to save themselves from death or serious bodily harm.

The defendants being indicted for murder in the first degree, it became necessary for the State to prove premeditation. There was evidence admitted by the court tending to prove premeditation, such as prior threats and the like. There was also evidence offered by the defendants tending to rebut the charge of premeditated killing, and to prove that, although the defendants and the deceased had a difficulty four months before, they had become reconciled. Practically all of the exceptions to testimony relate to alleged errors in admitting or rejecting this species of evidence. We find no error in His Honor's rulings, but we refrain from discussing them as the record shows that there was no conviction for murder in the first degree, and such testimony was unnecessary to support a conviction for the crimes of which the defendants stand convicted.

Exception 7 relates to the rejection by the court of the declarations of the deceased in relation to a prior difficulty which Thomas Worley and the deceased had some time before the homicide. The evidence was clearly inadmissible. It contained no threat, and was a narrative of a past transaction. Had the language contained a threat, there is no evidence that it was ever communicated. *State v. Turpin,* 77 N. C., 473; *State v. Sumner,* 130 N. C., 718.

Exception 8: In apt time the defendants in writing re-

quested the judge to instruct the jury: The presumption of innocence which the law raises in behalf of every defendant and the presumption of malice arising against Thomas Worley by his admission of the use of a deadly weapon, are both evidence and are to be considered in connection with the other evidence, and if, after considering all of said evidence, the jury have a reasonable doubt of the guilt of Thomas Worley of murder in the second degree, they will find him not guilty of murder in the second degree, and then consider whether he is guilty of manslaughter or whether he acted in self-defense. The judge refused to so instruct the jury.

Exception 9: In apt time the defendants requested the judge to instruct the jury that while the law presumes malice from the use of a deadly weapon, there also arises a presumption of innocence where good character is proved and the burden is upon the State to prove beyond a reasonable doubt the guilt of the defendants.

It must be admitted that these prayers for instruction present some novel views of the law. But, as the briefs of counsel discloses, they do not expect us to entertain them unless we are prepared to overrule a long and unbroken line of decisions of this court. Counsel admit that our courts are committed to the rule that the use of a deadly weapon implies malice, and under the rule it would be murder in the second degree, nothing further appearing." No principle in our criminal law is better settled than that a killing with a deadly weapon implies malice, and, when admitted or proved, the prisoner is guilty of murder in the second degree, and the burden rests upon him to prove the facts upon which he relies for mitigation or excuse, to the satisfaction of the jury. *State v. Booker,* 123 N. C., 713; *State v. Hicks,* 125 N. C., 636; *State v. Capps,* 134 N. C., 622; *State v. Clark, ibid.,* 698; *State v. Exum,* 138 N. C., 599.

Exception 10 is based upon the failure of the judge below to instruct the jury as to the application and effect of threats.

No request along this line was submitted by the defendants. An omission to charge on a given point is not error unless there is a prayer to instruct thereon. *Justice v. Gallert,* 131 N. C., 393; *State v. Scott,* 19 N. C., 35; *State v. Varner,* 115 N. C., 744; *State v. Groves,* 119 N. C., 822.

Exception 11 is directed to the language of the court in charging the jury. It is perfectly apparent and could not be misunderstood that the judge was stating only the *conlentions* of the State, as he likewise did those of the defendants, and there is evidence in the record tending to support such contentions. But suppose there was not, they relate to murder in the first degree, and the defendants have been acquitted of that crime.

Exception 12: The court charged that if Clem Worley aided and abetted Thomas Worley in an assault on the deceased, then he would be guilty of murder in the second degree, manslaughter or excusable homicide, accordingly as Thomas was guilty or excusable, adding: "But to convict Clem the jury must be satisfied beyond a reasonable doubt that he aided and abetted his brother. If his purpose was to extricate his brother, he would not be guilty of any offense." We find no error in this instruction. *State v. Gooch,* 94 N. C., 987; *State v. Whitt,* 113 N. C., 716; *State v. Finley,* 118 N. C., 1161; *State v Jarrell,* at this term.

There is also lack of merit in the remaining exceptions, 13, 14 and 15, and it is useless to discuss them. A careful study of the record and of the judge's charge convinces us that the defendants have been in no wise prejudiced by any error on the part of the court, and that they have been fairly tried. The judge correctly stated the law as to murder in its two degrees, as to manslaughter and as to excusable homicide, and the verdict of the jury is supported by abundant evidence.

No Error.