## STATE v. TOM SIMONDS.

(Filed 20 December, 1910.)

1. **Witnesses—Questions—Incriminative—Waiver.**

   By voluntarily answering a question on cross-examination after objection thereto by his attorney, a defendant waives his constitutional privilege not to answer questions tending to incriminate himself, both as to other and distinct crimes and those used to prove the offense with which he stands charged.

2. **Murder—Manslaughter—Act of Necessity—Self-defense—Instructions—Presumptions.**

   Upon trial on an indictment for murder the judge charged the jury that unless the defendant "has further satisfied you that he killed him (deceased) from necessity or from a principle of self-defense, your verdict must be guilty of manslaughter": *Held*, not reversible error, defendant having failed to send up the charge of the court, and the presumption being that he correctly charged upon the law of self-defense.

3. **Murder—Manslaughter—Self-defense—Deadly Weapon—Willing Acts—Burden of Proof.**

   It being admitted that defendant killed deceased with a pistol, it is for him to prove that it was done in self-defense, if that plea is relied on; and an objection that there was not sufficient evidence that he acted willingly is not tenable, the law presuming that he did.

STATE *v*. SIMONDS.

APPEAL from *Joseph S. Adams, J.,* at November Term, 1910, of BUNCOMBE.

The defendant was indicted for the murder of Albert Murphy. Before the jury was impaneled the solicitor for the State stated that he would not ask for murder in the first degree, but only for a verdict of murder in the second degree or manslaughter. The jury rendered a verdict of manslaughter. From the judgment of the court the defendant appealed.

*Attorney-General and G. L. Jones for the State.*
*Frank Carter and Craig, Martin & Thomason for defendant.*

BROWN, J. The evidence tends to prove that the deceased was killed by defendant at the residence of one Mollie Brooks about midnight on 10 June, 1909, in the city of Asheville; that illicit relations existed between the woman and the defendant; that the deceased came to the house, while the woman was out, and inquired of defendant her whereabouts. The deceased and defendant had some words, and a pistol duel ensued, in which defendant fired four times and killed deceased. The defendant admitted the killing and set up the plea of self-defense.

The defendant, represented by counsel, was introduced as a witness in his own behalf, and upon cross-examination was asked if he had not held sexual intercourse with Mollie Brooks. His counsel interposed an objection, which was overruled. Thereupon the defendant testified that he had had sexual intercourse with the woman.

It is settled law in this State that when a person charged with crime voluntarily testifies in his own behalf he waives his constitutional privilege not to answer questions tending to incriminate him. *S. v. Allen,* 107 N. C., 805. Under such circumstances, he can be asked questions as to other and distinct crimes as well as used to prove the very offense with which he stands charged. *S. v. Thomas,* 98 N. C., 599.

There are only three assignments of error noted in the defendant's brief. They are as follows:

Exception 3: "His Honor charged the jury as follows: If, however, the defendant has satisfied you that the killing was

without malice, then, unless he has further satisfied you that he killed him from necessity or from a principle of self-defense, your verdict must be guilty of manslaughter. We respectfully submit that this is not the law."

Exception 5: "His Honor charged the jury as follows: If you find that the defendant was ready and willing to enter into a combat with the deceased, and that a mutual combat occurred, both the defendant and the deceased entering into it willingly, then the defendant cannot be excused for taking the life of the deceased to save his own, no matter to what extremity he may have been reduced, unless he definitely withdrew from the combat before he fired the fatal shot, for in that case it may rightfully and truthfully be said that he brought the necessity upon himself by his own criminal conduct."

Exception 6: "His Honor also charged the jury as follows: If you find from the evidence that the deceased and the defendant met and a sudden quarrel arose and a fight ensued, in which both parties willingly engaged and in which both parties used deadly weapons, and in which deceased was killed, then the defendant would be guilty of manslaughter."

The error which the defendant alleges in both these exceptions is that there is no evidence that the defendant "fought willingly."

As to exception 3: If his Honor had charged the jury that the defendant must satisfy the jury that he killed from necessity, and stopped there, he would have been in error. *S. v. Castle,* 133 N. C., 769. But his Honor added, "or from a principle of self-defense."

His Honor's charge is not in the record, and it was appellant's duty to send it up. The record contains only the defendant's assignments of error and a *verbatim* copy of the stenographer's notes. But we are bound to assume the experienced lawyer and judge, who presided, correctly explained to the jury what are the "principles of self-defense" expounded in so many decisions of this Court, and had he not done so, exception would have been taken and the charge sent up.

The ground of attack embodied in exceptions 5 and 6, as stated in the brief, is that there is no evidence that the defend-

ant fought willingly. The actual killing of the deceased with a pistol having been admitted by defendant, the State was not bound to prove that defendant fought willingly. The law presumes that he did, and the *onus* is upon him to offer evidence sufficient to satisfy the jury that he fought in self-defense, or, failing in that, to offer evidence sufficient to reduce the crime to manslaughter.

This rule has been uniformly adhered to by this Court in indictments for homicide. It is said in *S. v. Worley,* 141 N. C., 767: "No principle in our criminal law is better settled than that a killing with a deadly weapon implies malice, and, when admitted or proved, the prisoner is guilty of murder in the second degree, and the burden rests upon him to prove the facts upon which he relies for mitigation or excuse, to the satisfaction of the jury."

In that case and *S. v. Quick,* 150 N. C., 821, the authorities are cited.

No error.