### STATE v. ARTHUR JOHNSON.

(Filed 14 December, 1912.)

1. **Murder—Evidence—Instructions—Less·Offense—Harmless Error.**
    Upon evidence ample for conviction of murder in the first degree, for which the prisoner was convicted, a charge of the court, that if it satisfied the jury beyond a reasonable doubt that the prisoner slew the deceased with a deadly weapon they should at least convict him of murder in the second degree, is harmless, and an exception thereto immaterial.

2. **Instructions—Objections and Exceptions—Specifications—Appeal and Error.**
    An exception to a charge of the court, that it was illogical and confusing and may have misled the jury to the prejudice of the objecting party, will not be considered on appeal when the particulars therein are not pointed out.

3. **Court's Discretion — Motions — Verdict Set Aside — Appeal and Error.**
    An exception to the refusal of the court to set aside a verdict as being contrary to the weight of the evidence will not be considered on appeal, as that matter is within the discretion of the trial judge.

APPEAL by defendant from *Carter, J.,* at September Term, 1912, of PENDER.

Indictment for murder. The prisoner was convicted of murder in the first degree, and from sentence of death appeals.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*No counsel for the prisoner.*

BROWN, J. The prisoner offered no evidence, and that introduced by the State tends very strongly to prove that the prisoner deliberately murdered his wife, Rose Johnson.

There is evidence tending to prove that prisoner was walking with his wife some 50 yards behind their children. One witness testifies: "I saw Arthur with his hand behind him that way, and I heard the report of a pistol. She jumped behind him and clung to his back. He got loose and then he shot her again. She ran to the old shanty. He ran and shot her there. Then she goes to the place where she was first hurt, and he shot her again there. She fell, and he stood there and looked at her and helped her up. She fell the second time. He looked at her and threw his head up and walked on off. He overtook his children, and then he began to run."

Another witness testifies: "I saw the shooting; I was walking along the street near the railroad. I heard squalling. I heard a woman squall, and about that time I saw the smoke of a pistol, before I heard the report of it. About that time, the same instant that I heard the report, she had clinched around his neck to the back of him; he threw her from the back to the front; she jumped to run; he ran behind her and shot her twice; then she wheeled in a circle; she stood up for an instant; he went to her and knocked her down, and after she fell he stood over her and looked at her and caught her by her dress."

There is only one exception to evidence, and there is no merit in that.

Exceptions 2 and 3 to the charge are practically the same, viz.:

"The court instructs you that if the evidence satisfies you beyond a reasonable doubt that the prisoner slew the deceased with a deadly weapon, you would at least convict the defendant of murder in the second degree."

There is not a scintilla of evidence upon which a verdict of manslaughter could have been based, and no such contention was made on the trial.

STATE *v.* JOHNSON.

As the prisoner was convicted of the greater offense of murder in the first degree, this exception is not material. Nevertheless, the charge is correct. *S. v. Worley,* 141 N. C., 764; *S. v. Cox,* 153 N. C., 638; *S. v. Simonds,* 154 N. C., 197.

Exception 4 is taken because his Honor told the jury that the prisoner had the right to rely upon the State's evidence to make out his defense. This part of the charge is unexceptionable so far as the defendant is concerned. It gave him the benefit of any of the evidence introduced by the State. He had offered none himself.

Exception 5: The defendant assigns as error that the court erred in the charge as delivered, in that the same was not a clear and concise statement of the law relative to the case, but that the same was illogical and confusing and may have misled the jury to the prejudice of the defendant. The appellant should have pointed out the particulars in which he thinks the charge was illogical and confusing. *S. v. Webster,* 121 N. C., 586; *Andrews v. Telegraph Co.,* 119 N. C., 403. We have examined the charge, however, and do not find that it is amenable to such criticism.

Exception 6: The defendant assigns as error that the court erred in refusing to set aside the verdict of the jury for that the same was contrary to the weight of the evidence. This is a matter in the discretion of the trial court, and not reviewable. *S. v. Hancock,* 151 N. C., 699; *S. v. Rose,* 129 N. C., 575. An examination of the record, however, discloses an unusually strong case as made out by the State.

This is a case where life is at stake. We have not been aided by argument or brief for the prisoner. We have examined the record with that care which the gravity of the issue demands, and we find

No error.