STATE v. ALFRED CAPER.

(Filed 24 May, 1939.)

**1. Criminal Law §§ 59, 81a—**

A motion to set aside the verdict as being against the weight of the evidence is addressed to the discretion of the trial court and his refusal to grant the motion is not reviewable on appeal.

**2. Homicide §§ 25, 30: Criminal Law § 59—**

The proper procedure to test the sufficiency of the evidence to support a verdict of guilty of first degree murder is by motions to nonsuit aptly made, or by a motion for a directed verdict on the capital charge with apt exception if overruled, and a motion to set aside the verdict as against the weight of the evidence does not properly present the question for review upon appeal.

**3. Homicide § 25—**

Evidence that defendant borrowed a rifle in the afternoon, went to the home of the deceased about 8:00 p.m.. called him to the porch of his house and shot him, and returned the rifle to the owner before daylight the following morning, *is held* sufficient to show premeditation and deliberation and to support a verdict of guilty of murder in the first degree.

APPEAL by defendant from *Burney, J.,* at January Term, 1939, of ROBESON.

Criminal prosecution tried upon indictment charging the defendant and another with the murder of one J. C. McNeill.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

The prisoner appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*J. E. Carpenter for defendant.*

STACY, C. J. The record discloses that on the night of 23 November, 1938, about the hour of 8:00 p.m., the defendant went to the home of the deceased, called him to the porch of his house, and shot him. It is in evidence that the defendant borrowed a rifle on the afternoon of the killing, bought some cartridges, and returned the rifle to the owner before daylight on the following morning. It is also in evidence that the bullet taken from the body of the deceased was fired from this rifle.

The only exception urged for error is the one addressed to the refusal of the court to set aside the verdict as against the weight of the evidence, which is a discretionary matter and not reviewable on appeal. *S. v. Merrick,* 172 N. C., 870, 90 S. E., 257; *S. v. Johnson,* 161 N. C., 264, 76 S. E., 679; *S. v. Hancock,* 151 N. C., 699, 66 S. E., 137. Under this assignment, the defendant argues the absence of motive and contends that premeditation and deliberation have not been established by the evidence. Speaking to a similar situation in *S. v. Bittings,* 206 N. C., 798, 175 S. E., 299, it was said: "In the present case, for instance, if the defendant wished to challenge the sufficiency of the evidence to show premeditation and deliberation beyond a reasonable doubt, as indicated on the argument, motion to nonsuit under C. S., 4643, on the capital charge, should have been lodged at the close of the State's case, exception noted, if overruled, and the motion renewed at the close of all the evidence, exception again noted, if overruled; and, in preparing the statement of case on appeal, an assignment of error should have been made based upon this second exception. *S. v. Lawrence,* 196 N. C., 562, 146 S. E., 395; *S. v. Sigmon,* 190 N. C., 687, 130 S. E., 854; *S. v. Killian,* 173 N. C., 792, 92 S. E., 499; *Nowell v. Basnight,* 185 N. C., 142, 116 S. E., 87; *Batson v. Laundry,* 202 N. C., 560, 163 S. E., 600; *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356. But no such exception and assignment of error appear on the record. In lieu of this, the defendant might have moved for a directed verdict on the capital charge, noted an exception, if overruled, and predicated an assignment of error upon this exception. But the record contains no such exception and assignment of error. The question therefore is not properly presented."

Nevertheless, if we overlook the inadequacy of the assignment, it is quite apparent from a perusal of the record that the evidence is amply sufficient to support a verdict of murder in the first degree. *S. v. Satterfield*, 207 N. C., 118, 176 S. E., 466; *S. v. Coffey*, 210 N. C., 561, 187 S. E., 754; *S. v. Evans*, 198 N. C., 82, 150 S. E., 678. There was no error in overruling the defendant's motion.

The verdict and judgment will be upheld.

No error.