State v. Martin

STATE OF NORTH CAROLINA v. JERRY MICHAEL MARTIN

No. 7221SC102

(Filed 29 March 1972)

1. Criminal Law § 132— motion to set aside verdict

A motion to set aside the verdict as being against the weight of the evidence is addressed to the discretion of the trial court, and its refusal to grant the motion is not reviewable on appeal.

2. Assault and Battery § 14— assault with deadly weapon per se — motion to set aside verdict

The trial court did not err in the denial of defendant's motion to set aside a verdict of guilty of assault with a deadly weapon *per se*, inflicting serious injury, made upon the ground that the evidence showed that defendant acted in self-defense when he stabbed the victim, where the record reveals that the evidence was conflicting and that the jury simply found the facts to be contrary to defendant's contentions.

3. Assault and Battery § 15— instructions — accused who quits combat — self-defense

In this prosecution for felonious assault, the evidence did not require the trial court to instruct the jury upon the right of an accused who quits the combat to invoke the right of self-defense upon renewal of the affray even though he may have been at fault in bringing about the original difficulty, where all the evidence shows that the difficulty started as a cuss-fight between the victim and defendant's brother on the front porch of the home of defendant's mother, that defendant came to the front door and stated, "Let me go get a knife," and that defendant picked up a butcher knife from the kitchen table and took it into the backyard, where he stabbed the victim.

APPEAL by defendant from *Kivett, Judge,* 30 August 1971 Session of Superior Court held in FORSYTH County.

Defendant pleaded not guilty to a bill of indictment which charged that he committed a felonious assault upon Howard Young "with a deadly weapon, to wit: a butcher knife, with intent to kill the said Howard Young inflicting serious bodily injury. . . ." The State's evidence tended to show that during the course of a family fight on the night of 15 July 1971, defendant, who was Young's stepson, twice stabbed Young with a butcher knife after Young had told defendant and his brother to leave and had fired a warning shot from his shotgun into the ground. One of the stab wounds penetrated Young's abdominal wall, cutting his liver and gall bladder. Defendant testi-

State v. Martin

fied he acted in self-defense and in defense of his mother. The jury found defendant guilty of assault with a deadly weapon *per se,* inflicting serious injury. From judgment on the verdict imposing prison sentence of not less than three nor more than five years, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney General Charles A. Lloyd, and Associate Attorney General Edwin M. Speas, Jr., for the State.*

*Bailey & Thomas by Wesley Bailey for defendant appellant.*

PARKER, Judge.

[1, 2] Appellant first assigns error to the trial court's denial of his motion to set aside the verdict. He contends that the verdict was against the greater weight of the evidence and that the evidence established that he acted in self-defense "as a matter of law." A motion to set aside the verdict as being against the weight of the evidence is addressed to the discretion of the trial court and its refusal to grant the motion is not reviewable on appeal. *State v. Bridgers,* 267 N.C. 121, 147 S.E. 2d 555; *State v. Caper,* 215 N.C. 670, 2 S.E. 2d 864; 3 Strong, N. C. Index 2d, Criminal Law, § 132, p. 55. The record reveals that this is simply a case in which the jury, on conflicting evidence and after receiving proper instructions from the trial court, found the facts to be contrary to defendant's contentions.

[3] Appellant next assigns as error that the trial court failed to instruct the jury as to how the defendant, if he was at fault initially, "could regain the right of self-protection." This assignment of error is without merit. It is true that an accused who quits the combat may invoke the right of self-defense upon renewal of the affray even though he may have been at fault in bringing about the original difficulty, *State v. Miller,* 221 N.C. 356, 20 S.E. 2d 274, but no such question arises on the evidence here. A careful review of all of the evidence reveals that the difficulty started as a cuss-fight between Young and defendant's brother on the front porch of defendant's mother's home; defendant came to the front door and, according to Young's testimony, stated, "Let me go get a knife"; defendant turned around and went back through the house, picking up the butcher knife from the kitchen table and taking it with him into the backyard, where the stabbing occurred. There was no evidence

to support defendant's contention that there were two separate incidents involving the defendant, one on the front porch and one in the backyard. Even if so considered, the fact that defendant armed himself with a butcher knife after leaving the front porch hardly supports a conclusion that he then intended to withdraw from the combat. This assignment of error is overruled.

We have carefully examined appellant's remaining assignment of error, directed to the trial court's action in sustaining an objection to a question asked by defendant's counsel on cross-examination, and find no prejudicial error.

No error.

Judges CAMPBELL and MORRIS concur.