WINNIE BARWICK DEBNAM AND HUSBAND, D. W. DEBNAM, v.
G. A. ROUSE.

(Filed 7 October, 1931.)

1. **Trial D a—Motion of nonsuit must be renewed at close of all evidence in order to present question of sufficiency of evidence.**

    Failure of the defendant to renew his motion as of nonsuit at the close of all the evidence introduced on the trial of a civil action is a waiver by him of his motion theretofore made at the close of the plaintiff's evidence. C. S., 567.

2. **Appeal and Error A a—On appeal in civil action the Supreme Court is limited to matters of law or legal inference.**

    The Supreme Court may only review matters of law or legal inference properly made to appear on the case appealed, and a verdict supported by sufficient legal evidence will be sustained. Const., Art. IV, sec. 8.

APPEAL by defendant from *Devin, J.,* and a jury, at June Term, 1931, of GREENE. No error.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Were the plaintiff, Winnie Barwick Debnam and defendant, G. A. Rouse, partners in the operation of the Standard Laconic as alleged in the complaint? Answer: Yes.

2. Is the defendant indebted to the plaintiff, Winnie Barwick Debnam, for her share of its profits in said business, and if so in what amount? Answer: $441.

3. Is the plaintiff, Winnie Barwick Debnam, indebted to the defendant, G. A. Rouse, and if so, in what amount? Answer: No.

4. Is the plaintiff D. W. Debnam, indebted to the defendant, G. A. Rouse, and if so, in what amount? Answer: No."

*Walter G. Sheppard for plaintiffs.*
*John Hill Paylor for defendant.*

PER CURIAM. The defendant, at the close of plaintiffs' evidence, made a motion in the court below for judgment as in case of nonsuit. C. S., 567. The court below refused the motion, and in this we can see no error.

The defendant introduced evidence, but did not renew the motion to nonsuit at the close of all the evidence.

In *Lee v. Penland,* 200 N. C., at p. 341, citing numerous authorities, is the following: "When the plaintiff in a civil action has introduced his evidence and rested his case the defendant may move for dismissal

of the action, or for judgment as in case of nonsuit. If the motion is allowed the plaintiff may except and appeal; if it is not allowed the defendant may except, and if he introduces no evidence the jury shall pass upon the issues, and he may have the benefit of the latter exception on appeal. A motion for dismissal or for judgment of nonsuit made at the close of the plaintiff's evidence and not renewed at the close of all the evidence is waived." *Price v. Ins. Co., ante,* 376.

."The Supreme Court shall have jurisdiction to review, upon appeal, any decision of the courts below, upon any matter of law or legal inference," etc. Const., Art. IV, sec. 8. On this record there was sufficient evidence to be submitted to the jury, the weight and probative force was for them to determine and not us. From the evidence they could have decided with the defendant, but they did not. We are bound by their findings of fact.

We think the issues submitted arise on the pleadings and determinative of the controversy, but it may be noted that defendant tendered no issues.

We think the evidence of plaintiffs constituted a partnership, under the authorities in this jurisdiction, and sufficient to be passed on by a jury. On the whole record we find in law no reversible or prejudicial error.

No error.