The action is Assumpsit, and a verdict was rendered for the plaintiff and the record states that. the Court set it aside and non-suited the plaintiff and he appealed. The bill of exceptions set forth evidence given on the part of the plaintiff, and states that the presiding Judge directed the jury to find thereon for the plaintiff, reserving the ques
 
 *451
 
 tion of his right in law to recover,- and that on consideration he set aside the verdict, because the plaintiff’s remedy was in equity and not at law. •
 

 It is probable, that the parties agreed, that, if the opinion of the Court should be against the plaintiff, the verdict should be set aside and a non-suit entered, with the liberty to appeal, and if such an agreement appeared, the case would stand here upon the question, whether on the facts the plaintiff had or had not a right to recover. But there does not appear to have been such an agreement, and the Court here does not feel at liberty to alter the record. For the want of it the- judgment must be reversed, since the Court, without the assent of the parties, had only the power to grant a new trial, and could not, after setting aside the verdict, go a step further and terminate the cause by a non-suit, without the intervention of a jury.
 

 Per Curiam. Judgment reversed and
 
 venire de novo
 
 awarded.