J. F. MEADOWS et al v. R. H. MARSH et al.

(Decided November 22, 1898).

## Parties.

Persons in interest necessary parties to a final adjudication, and a cause may be remanded to make parties.

CONTROVERSY without action, submitted to *Timberlake, J.*, at Superior Court of GRANVILLE County, July Term, 1898.

CASE AGREED.

R. H. Marsh, guardian, Joe F. Meadows and wife Susan, John Meadows and wife Kate, and R. W. Winston, who are parties to a matter which might be the subject of an action of which this Court would have jurisdiction, submit the following facts to the Court, and ask its decision upon the same, to-wit:

One A. Crews and 'wife owned a house and lot in Oxford, N. C. On the 28th of September, 1883, they borrowed of John F. Cannady two thousand ($2,000) dollars, executing a bond and deed of trust upon said property to N. B. Cannady, trustee, now deceased. On this bond was due July 25, 1898, eighteen hundred sixty-three and 48-100 dollars ($1,863.48). Thereafter, to-wit, on the 20th December, 1889, said Crews and wife borrowed of R. H. Marsh, guardian, four hundred and fifty dollars ($450), executing a bond and deed of trust on same property to Robert W. Winston, trustee. There was due on this bond to Marsh on 25th day of July, 1898, five hundred seventy-six and 23-100 dollars ($576.23). Since said time they have put other deeds of trust upon said property, and the total indebtedness on account of such trust deeds is about thirty-two hundred dollars ($3,200).

Failing to pay any of said bonds, the trustee, Winston, was requested to sell the said property under the second trust. He was requested to cut the same into four lots, and this he did. He advertised the sale more than thirty days, according to law, and on the sale day at the court-house door in Oxford, N. C., sold two of said lots, to-wit, the residence lot and a ninety foot lot on College street, to Susan J. Meadows and Kate Meadows, respectively, for the price and sum of twenty-three hundred

dollars ($2,300) for the residence lot, and four hundred and fifty-five dollars ($455) for the vacant lot. During the progress of the sale one of the bidders asked if there was a first deed of trust on the property, and if it was to be paid out of the proceeds of the sale, or if the purchaser bought subject to the first indebtedness? The trustee and Mr. Marsh, thinking that the property would bring more if sold free of the first encumbrance, had the auctioneer to announce in a loud tone of voice, so as to be heard, and it was heard by all bidders, that the sale was to be made for cash, and the cash was to be used in paying off the amount due under the first deed of trust, and next under the second deed of trust. With this understanding the lots were offered, cried out and bought by the said above parties.

The cost of making said sale in the advertisement, auction fees and commissions was forty-eight dollars ($48). Total amount realized was $2,755. Amount for distribution, $2,707. After paying off the second mortgage of $576.23, there is in the trustees hands the sum of $2,130.77 for further distribution. The first mortgage has not been cancelled, but is held to await the decision of the Court.

Bond under the third deed of trust is jointly due and owing to A. A. Hicks and Rhodes Hunt, and is in excess of $267.29, the residue after paying the first and second deeds of trust.

Now, the point at issue is this: Said trustee is willing to pay said money to any person entitled to the same; but he does not wish to pay it to R. H. Marsh, guardian, the present owner of said first bond and deed of trust, without an indemnifying bond or without an order of Court. These are all the facts. The sale was open and fair, and the property brought good prices. Two lots

now remain unsold. Shall said trustee pay said excess over the second deed of trust to R. H. Marsh, guardian, or to whom shall he pay it? Or, if the Court should be of opinion that the said land could not, or ought not to be sold under the terms offered on day of sale, then that the said sale be set aside and a new sale ordered.

R. H. Marsh and Robt. W. Winston, being each duly sworn, states that the facts set forth in the foregoing affidavit and statement and affidavit, of their own knowledge are true, and those stated upon information and belief they believe to be true; that the foregoing certificate is real and procedure in good faith in order to determine the rights of the parties.

(Signed)      R. W. WINSTON,<br>ROBT. H MARSH.

Sworn to and subscribed before me,
  this 26th July, 1898.

J. M. SIKES,<br><i>Clerk Superior Court.</i>

JUDGMENT.

The Court having read and considered the foregoing statement of facts agreed and controversy without action, adjudges and directs: That said trustee pay the costs of sale, to-wit, forty-eight dollars, which is adjudged reasonable; 2d, the actual amount due under the first deed of trust; 3d, the amount actually due under the second deed of trust, and if so much is due under the third deed of trust as to absorb the balance, he will pay over the residue under said third deed of trust (third).

The Court is of the opinion that the arrangement to

sell and pay off the first deed of trust was equitable and fair, and for the best interests of all the parties.

E. W. TIMBERLAKE,
July Term, 1898,                    *Judge Presiding.*
    Oxford, N. C.

From the foregoing judgment, Robt. W. Winston, trustee, appealed.

*Messrs. Winston & Fuller* and *B. S. Royster*, for appellant.

No counsel *contra.*

FAIRCLOTH, C. J.:    This is a controversy without action under *The Code.*    The facts need not be stated except to say that A. Crews and wife made several deeds of trust to secure creditors, and the second trustee sold a part of the property and realized more than enough to pay the debt secured to him, and he asks the Court to give him directions.    Crews and wife are not parties to this proceeding.    The proceeding is remanded to the end that the trustors and other interested persons may be made parties and allowed to plead or answer.

Remanded.