VAUGHAN & BARNES et al. v. J. R. DAVENPORT.

(Filed 15 May, 1912.)

1. Contracts of Sale—Cotton—Chose in Action—Assignment—Parties.

A contract for the sale and delivery of merchantable cotton is a chose in action, assignable, and an assignee thereof must sue in his own name, and not in the name of his assignor.

2. Evidence—Motions—Demurrer—Practice.

Defendant's motion, in this case, for judgment upon the entire evidence is regarded as a motion of nonsuit under the statute, and comes too late after verdict.

3. Contracts of Sale — Assignment — Defect of Parties—Power of Courts—Ex Mero Motu—Practice.

It appearing of record in this case that a contract for the sale and delivery of merchantable cotton was assigned by the plaintiff, and that defendant, notwithstanding recovery by plaintiff, would still be liable to plaintiff's assignee thereon, and the latter not being a party to the action, the appellate court, upon its own motion, orders a new trial, with leave to the defendant to have plaintiff's assignee made a party so that he will be bound by whatever judgment that may be rendered.

APPEAL from *Ferguson, J.*, at March Term, 1911, of PITT.

This case comes before the Court upon a petition to rehear. It is reported in 157 N. C., page 156.

159—24

*Jacob Battle and Moore & Long for plaintiff.*
*Aycock & Winston and F. G. James & Son for defendant.*

BROWN, J. Upon the former hearing of this case it was held by the Court that the plaintiffs could not recover because it affirmatively appeared that the plaintiffs had assigned the contract for the purchase of the cotton to Hogan & Co., who are not parties to this action, and upon that ground it was held that the motion of the defendant for nonsuit should have been granted on the ground that the evidence discloses that the plaintiffs were not the owners of the claim sued on.

It is contended by the plaintiff upon the rehearing that there is no evidence that Vaughan & Barnes, the plaintiffs, have assigned the contract for the purchase of the cotton entered into by the defendant to Hogan & Co., but that the evidence is that Vaughan & Barnes contracted to sell the cotton to Hogan & Co., but did not assign the contract, and that therefore Vaughan & Barnes may still sue for a breach of the contract.

Upon reëxamination of the record, we find that there is evidence that Vaughan & Barnes did assign the contract to Hogan & Co., as contradistinguished from the sale of the cotton.

There are three letters in evidence, signed by Vaughan & Barnes and directed to the defendant Davenport. In the one dated 22 November the plaintiffs Vaughan & Barnes refer to a sale of the said cotton to Messrs. Hogan & Co., made by them, in which they say: "We will thank you to make settlement in accordance with the terms of sale, which contract was indorsed to us by Moseley Brothers . . . and we want to know by return mail what you propose to do in order that we may be able to tell the buyer here when he may expect the delivery of the 100 bales of cotton in question."

In the letter dated 11 October, Vaughan & Barnes refer to the hypothecation of the contract with them by Moseley Bros. and refer to the contract as "sold by us to one of the buyers here for November delivery," and again refer to the assignment of the contract and request that the cotton due under it be shipped at once to the buyer.

That a cotton contract of the character sued on is a chose in action and assignable, admits of no controversy. Every action must be prosecuted in the name of the real party in interest. *Chapman v. McLawhorn,* 150 N. C., 166; *Martin v. Mask,* 158 N. C., 436.

The assignee of a chose in action must sue in his own name and not in the name of the assignor. Under modern code of procedure, the rule seems to be universal that the action cannot be brought in the name of the assignor. Pomeroy Code Remedies, sec. 63.

We find upon examination of the record that the defendant did not make on the trial of the case in the Superior Court a formal motion for nonsuit. The record discloses that after the verdict had been rendered, the defendant moved the court for a judgment against the plaintiff upon the entire evidence. We gathered from this and from the argument of counsel, as well as the briefs, that this motion was made at the conclusion of the evidence and before the cause was submitted to the jury.

We readily acknowledge that a motion for nonsuit under the Hinsdale act cannot be made after the verdict of the jury has been rendered. We take it that the motion of the defendant was intended as a motion for nonsuit, although made too late.

We think under the circumstances that we were in error in dismissing the action, as a motion to nonsuit was not made in time, but it is plain that upon the letters sent by the plaintiffs Vaughan & Barnes to Davenport there was evidence of an assignment of the contract, itself, to Hogan & Co., and that the defendant Davenport would still, notwithstanding a recovery in this case against him, be exposed to an action by Hogan & Co., and it would be a manifest miscarriage of justice to permit the plaintiffs to recover in this case, and leave the defendant still exposed to such an action.

This Court has sometimes upon its own motion ordered a new trial and remanded a cause when it appeared that a necessary party was missing from the case, or that the issues were not determinative of the cause of action, and that manifest justice required a new trial. *Meadows v. Marsh,* 123 N. C., 189; *McManus v. R. R.,* 150 N. C., 662; *Bryant v. Insurance Co.,* 147 N. C., 181.

The petition to rehear is allowed and the former opinion modified, and a new trial of the case is ordered, with leave to the defendant to have Hogan & Co. made parties to the action in order that they may be bound by whatever judgment is rendered.

New trial.