## LOULA M. RILEY v. W. H. STONE, JR.

### (Filed 29 September, 1915.)

**1. Court's Discretion—Verdict Set Aside.**

The discretionary power of the Superior Court judge to set aside a verdict of the jury is not reviewable on appeal, in the absence of his abuse of this discretion.

**2. Trials—Verdict—Nonsuit—Court's Discretion—Power of Courts—Interpretation of Statutes.**

A motion to dismiss an action after verdict can only be granted for lack of jurisdiction or that the complaint did not state a cause of action; and the authority of the court to grant an involuntary nonsuit, upon motion made after the plaintiff has introduced his evidence and renewed after the defendant's evidence is in, resting entirely by statute, Revisal, sec. 539, the trial court is without authority, after verdict, to further consider the defendant's motion for nonsuit, made under the statute, and allow it.

**3. Court's Discretion—New Trial—Verdict—Nonsuit.**

An order of the court setting aside a verdict in his discretion upon motion that it is against the weight of evidence is in conflict with his further sustaining a motion to nonsuit the plaintiff upon the evidence, Revisal, sec. 539; for in the latter instance he necessarily acts upon the ground that there is no evidence, and where the verdict has been set aside in the court's discretion, and a nonsuit granted after verdict, the latter is erroneous, and the cause will stand for a new trial.

WALKER, J., concurs in result; HOKE, J., dissents.

APPEAL by plaintiff from *Bond, J.,* at June Term, 1915, of CHATHAM.

*John A. Barringer, R. C. Strudwick, and Fred W. Bynum for plaintiff.*
*R. H. Hayes, Siler & Milliken, and Brooks, Sapp & Williams for defendant.*

CLARK, C. J. This is an appeal from a judgment of involuntary nonsuit entered after verdict in favor of the plaintiff. The court entries made during the progress of the trial are: "At close of plaintiff's testimony the defendant moves for judgment as of nonsuit. Motion denied, and defendant excepts. . . . At the close of all the testimony the defendant again renewed his motion to nonsuit the plaintiff, and repeats the same in respect to each of plaintiff's several causes of action. The court overruled each of the motions, and the defendant excepted to the

order of the court in each instance." The case was argued to the jury, and the court charged them as to the law. The jury brought in a verdict answering all the issues in favor of the plaintiff. The record then is: "The defendant moved the court to set aside the verdict in the exercise of his discretion, being contrary to the evidence and against the weight of the testimony. After argument of counsel upon the motion, the court allowed the same to set aside the verdict. The defendant then renewed his motion made at the close of all the testimony to nonsuit the plaintiff and dismiss her action, which motion the court granted, and the plaintiff excepted and appealed."

The action of the court in setting aside the verdict in the exercise of his discretion is irreviewable, and the case stands for a new trial. The further action of the court in attempting to grant a nonsuit after the verdict was set aside is unauthorized by the former practice or the statute, and void. After verdict the action could be dismissed upon the ground only of (1) lack of jurisdiction or (2) that the complaint did not state a cause of action. The motion was not made and could not be sustained on either of these grounds. It was made and granted on the ground that there was no evidence sufficient to carry the case to the jury. This is contrary to the judgment already entered, that the verdict was against the weight of the evidence.

The power of the Superior Court to grant an involuntary nonsuit is altogether statutory, and did not exist prior to the Hinsdale Act of 1897, now Revisal, 539.

In *Stith v. Lookabill,* 71 N. C., 25, *Pearson, C. J.,* held: "A motion to nonsuit a plaintiff in the midst of a trial on the ground that his evidence does not make out a case, the defendant's counsel at the time stating that 'If his Honor should overrule the motion, he had evidence to offer showing title in itself,' is an unfair and loose mode of practice, and should not be tolerated." *Chief Justice Pearson* said: "By a demurrer to the evidence the defendant puts the case, which means the *exitus,* issue, or end of the case, upon sufficiency of the evidence. The judgment of the court then decides the action one way or the other. But by this novel practice the defendant has two chances to one, which is not 'fair play.' "

This was the well settled procedure up to that time, which *Chief Justice Pearson* further said had not been in any wise changed by the new code of procedure.

The act of 1897, ch. 109, as amended by ch. 131, Laws 1899, and ch. 594, Laws 1901, is now formulated in Revisal, 539, and reads:

*"Demurrer to evidence.* When on trial of an issue of fact in a civil action, or special proceeding, the plaintiff shall have produced his evidence and rested his case, the defendant may move to dismiss the action, or for judgment as in case of nonsuit. If the motion is allowed, the plaintiff may except and appeal to the Supreme Court. If the motion is

refused, the defendant may except, and if the defendant introduces no evidence, the jury shall pass upon the issues in the action, and the defendant shall have the benefit of his exception on appeal to the Supreme Court. But after the motion is refused he may waive his exception and then introduce his evidence, just as if he had not made the motion. But he may again move to dismiss after all the evidence on both sides is in. If the motion is then refused, upon consideration of all the evidence, he may except, and after the jury shall have rendered its verdict he shall have the benefit of such latter exception on appeal to the Supreme Court."

It was held that this statute did not apply to criminal cases (*S. v. Houston,* 155 N. C., 432), as to which the former procedure still obtained. Thereupon the Legislature enacted ch. 73, Laws 1913, extending the statute (Revisal, 539) to criminal cases, and ch. 32, Special Session 1913, extended the latter statute to all criminal courts; but it was not in the power of the judge below to further amend the statute himself, so as to enter a judgment of nonsuit after he had set aside the verdict. Indeed, Revisal, 539, provides that when the defendant moves for nonsuit at the close of all the evidence, after it has been refused at the close of plaintiff's evidence, he shall have the benefit of such latter exception, "after the jury shall have rendered its verdict," on appeal to the Supreme Court. This is the limit of the privilege extended to him by virtue of the change in the practice made by the act, now Revisal, 539, and recognized the rights of the plaintiff.

It is true that the judgment in this case slightly differs from the record entries above set out, which were made during the course of the trial, by saying "at the close of plaintiff's evidence and close of all the evidence, defendant having made and renewed motion for judgment as of nonsuit, which the court at that time refused to pass upon, and to which defendant excepted; and the court having set aside the verdict in its discretion because the court was of opinion that said verdict was contrary to and against the weight of the evidence, and defendant having thereupon asked the ruling of the court upon his motion for judgment as of nonsuit, upon consideration of which the court, being of opinion that the presumption of absence of malice raised by the qualified privilege which attended the speaking of the alleged words had not been rebutted by any proof of expressed malice, and the court being further of the opinion, as to the second and third causes of action alleged in the complaint, that there was no evidence to show any unlawful imprisonment or restraint of the plaintiff or any assault upon her, "he thereupon entered judgment as of nonsuit." This action of the court is without any precedent in the former practice, and is unwarranted by the extended power of nonsuit conferred upon the court by Revisal, 539, which conferred such power to make such motion at the close of the evidence, at which time the court

must refuse or grant it. The practice inaugurated by the court *ex mero motu* in this case would be manifestly unjust to all plaintiffs. Notwithstanding the verdict is set aside, the plaintiff on another trial might again win the verdict, and, if so, would recover all costs, including those of the trial just had, which she could not do if she could be arbitrarily nonsuited by the judge after the verdict is set aside, as a matter of discretion, as in such case a reversal or appeal of the nonsuit would not entitle the plaintiff to judgment on the verdict.

The procedure under section 539 has been well settled by many decisions, and, indeed, the language of the statute is too plain to admit of doubt. The only motion to dismiss which can be made after verdict is either "upon the ground of want of jurisdiction or of failure of complaint to state a cause of action." This may be made at any time, even orally or even in the Supreme Court on appeal. But neither of these objections has been made or could be sustained in this case. An exception for failure to charge that there is not sufficient evidence can only be taken before verdict. *S. v. Harris,* 120 N. C., 577, and cases cited.

The motion to dismiss because there is not sufficient evidence to submit the case to the jury when made under the former practice cut off the further introduction of evidence. The statute extended the time for a renewal of the motion to the close of all the evidence. The judge had no power to extend it by amending the statute so as to permit the motion to be made a *third* time under the guise of "renewed the motion" after verdict. His decision, twice made, that there was evidence to go to the jury, was final upon that point, subject to exception made and entered at the time. Indeed, the first exception is "waived," the statute says, by the defendant if he introduces testimony. *Parker v. Express Co.,* 132 N. C., 129; *Strause v. Sawyer,* 133 N. C., 64. In this latter case the Court held that the plaintiff could not take a nonsuit after verdict where the jury had returned to their room to make a merely formal correction in the verdict.

An involuntary nonsuit in favor of the defendant is the counterpart, under the statute as it now stands, of a voluntary nonsuit by the plaintiff. The plaintiff not being able to take a nonsuit after verdict, the defendant cannot obtain such order, except as a matter of law, which is not possible after the verdict has been set aside as a matter of discretion. The court having set aside the verdict in his irreviewable discretion, the case stands for a new trial. The defendant not having appealed, it is not necessary for us to pass upon the sufficiency of the testimony. But it is proper to say, as the case is to be tried again, that upon the evidence as it appears in this record the majority of the Court is of opinion that there was sufficient evidence to justify submitting the case to the jury. We will not discuss the evidence, as it might prejudice one or other of the parties in a new trial, and, besides, on the next trial the evidence

may be materially different and weaker or stronger for one or both of the parties.

There is no appeal, of course, from the judgment setting aside the verdict, but the action of the court in granting a nonsuit after verdict had been set aside is

Reversed.

WALKER, J., concurs in result; HOKE, J., dissents.