The issues submitted and answers thereto were as follows:
"1. Was the plaintiff injured through the negligence of the defendant as alleged? Answer: `Yes.'
"2. Did the plaintiff by his own negligence contribute to his own injury? Answer: `No.'
"3. In what amount, if any, is the defendant indebted to the plaintiff? Answer: `$2,000.'"
The plaintiff's only exceptions are to the setting aside of the verdict by the court as a matter of law, and to the refusal of the court to sign judgment tendered in accordance with the verdict of the jury, the facts in respect to which are set forth in his Honor's judgment and findings of facts as follows:
"This cause coming on to be heard upon motion of the defendant to set aside the verdict of the jury, and for a new trial, for that the court refused to allow a polling of the jury upon the return of the verdict as appears of record, and in connection therewith the court finds the following facts: *Page 209 
"At the time the jury retired there was an agreement of counsel that the verdict of the jury might be taken by the clerk in the absence of the court. The verdict, however, was returned by the jury in a body in open court in the presence of the presiding judge, and the verdict was taken by the clerk at the direction of the judge. Each issue and the answer thereto was read over to the jury and they were asked the usual question, `So say you all?' to which the jury responded in the affirmative.
"Thereupon the defendant, through its counsel, moved for a polling of the jury; the court then being of opinion that the defendant was not entitled to the same as a matter of right and that the jury had returned its verdict as required by law, denied the same, to which the defendant excepted. The case of Smith v. Paul, 133 N.C. p. 66, being now directed to the attention of the court, it is now of the opinion that the defendant was entitled as a matter of right to have the jury polled, and that its refusal to permit the same is error, and it sets aside the verdict as a matter of law."
Plaintiff thereupon tendered judgment in accordance with the verdict, which his Honor refused to sign for the reasons given in above findings of fact. Plaintiff excepted, assigned error and appealed to the Supreme Court.
The court declined to assign as its reason for setting aside the verdict any error appearing in the record other than that designated, to wit, the court's failure to poll the jury, to which defendant excepted, assigned error and appealed to the Supreme Court.
From the findings of facts, we think the judgment of the court below that "it is now of the opinion that the defendant was entitled as a matter of right to have the jury polled, and that its refusal to permit the same is error, and it sets aside the verdict as a matter of law," was correct under the authorities in this jurisdiction.
Plaintiff complains that the matter was technical, but we cannot so hold. It was a matter of right. Const. of N.C. Art. I, sec. 19, is as follows: "In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable."
We think the case of Smith v. Paul, 133 N.C. p. 66, relied on by the court below, determinative of this question.
We find in the judgment of the court below
No error. *Page 210