GARRETT H. JERNIGAN, BY HIS NEXT FRIEND, v. ELLA NEIGHBORS AND COLON NEIGHBORS.

(Filed 29 February, 1928.)

**1. Judgment—Non Obstante Veredicto—Nature in General.**

Under the modern practice judgment *non obstante veredicto* may be given for either party but only when the party against whom the verdict was returned is entitled to judgment upon the pleadings.

APPEAL by plaintiff and defendants from *Grady, J.,* at November Term, 1927, of HARNETT. New trial.

Action to recover damages for personal injury. The issues were answered as follows:

1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: Yes.

2. If so, was the plaintiff guilty of negligence which contributed to said injury? Answer: No.

3. What damages, if anything, is the plaintiff entitled to recover of the defendants? Answer: $750.

Upon the verdict the following judgment was rendered:

This cause coming on for hearing, and the defendants having moved for judgment as of nonsuit at the close of plaintiff's evidence, and again

at the close of all the evidence, and the court having reserved its ruling upon said motion and submitted issues to the jury, and the same having been answered as appears from the minutes, the plaintiff tenders judgment upon the verdict, which the court refuses to sign. Defendants move to set the verdict aside, and this motion is denied.

But the court, being of opinion that evidence is not sufficient to support the allegations of the complaint, especially in that it is alleged that the immediate cause of plaintiff's injury was the fact that Colon Neighbors directed him to kneel before the gin and remove cotton, and there being no evidence that Colon Neighbors did so; and the court also being of the opinion that said verdict ought not to stand in good conscience, under the pleadings and proof:

It is now considered by the court, notwithstanding the verdict, ordered and adjudged that the plaintiff is not entitled to recover, and this action is dismissed at the cost of the plaintiff and the surety on his prosecution bond.

*H. L. Godwin* for plaintiff.
*Young & Young* for defendants.

ADAMS, J. In rendering judgment against the plaintiff, "notwithstanding the verdict" in his favor, the trial court inadvertently fell into error. At common law a judgment *non obstante veredicto* could be granted only when the plea confessed the cause of action and set up matters in avoidance which, if true, were insufficient to constitute either a defense or a bar to the action. It was entered only upon the application of the plaintiff, and never in favor of the defendant. Under the modern practice, it may be given for either party, but only when the party against whom the verdict was returned is entitled to judgment upon the pleadings. 33 C. J., 1178; *Fowler v. Murdock,* 172 N. C., 349; *Baxter v. Irvin,* 158 N. C., 277; *Doster v. English,* 152 N. C., 339; *Shives v. Cotton Mills,* 151 N. C., 290. Here the judgment was not awarded upon the pleadings; it was granted upon "the pleadings and proof"—primarily because the "evidence was not sufficient to support the allegations of the complaint." The judgment, therefore, cannot be sustained on the ground that the defendants are entitled to relief *non obstante veredicto.*

The remaining questions are whether the inconsistent recitals in the judgment are not such as to prevent the giving of relief to either party and whether a new trial is not necessary. If, as the judgment recites, the evidence was insufficient the motion for nonsuit should have been allowed; but the motion, although reserved, was disposed of, if at all, only inferentially after the verdict had been returned. According to

the decision in *Riley v. Stone,* 169 N. C., 421, it should have been granted or refused at the conclusion of the evidence, for after verdict an action can be dismissed only for want of jurisdiction or for the plaintiff's failure to state a cause of action. On this point the substantial recitals are that the motion was denied although it should have been allowed.

In the next place, if the verdict stands the plaintiff is entitled to judgment; although it is said that it "ought not to stand in good conscience," it remains in force because the motion to set it aside was denied. While the verdict upon its face entitles the plaintiff to judgment, the judge refused to sign the judgment which the plaintiff tendered. If we simply reverse the judgment the verdict will stand, and in that event the plaintiff will recover damages to which, according to the judgment, he is not entitled upon the evidence; and as the motion to dismiss the action cannot now be allowed, we are of opinion that the judgment should be reversed, the verdict set aside, and a new trial awarded. The judgment differs materially from that which was rendered in *Davis v. R. R.,* 170 N. C., 583, the procedure in which apparently was not presented for consideration. *Rankin v. Oates,* 183 N. C., 517.

New trial.