L. W. GODFREY, ADMINISTRATOR OF PERRY WILSON GODFREY, v.
QUEEN CITY COACH COMPANY.

(Filed 19 December, 1930.)

1. **Appeal and Error J g—In this case assumption of parties that verdict
   was set aside for insufficiency of evidence is deemed correct.**

   Ordinarily on appeal from an order setting aside a verdict the appellant
   must show error, but in this case the parties assume that the verdict was
   set aside for insufficient evidence, and the Supreme Court acts thereon.

2. **Trial G a—Where lower court has refused to grant motions of non-
   suit it is error for it to set aside verdict for insufficiency of evidence.**

   Where the trial judge has refused to give judgment as in case of non-
   suit on motions aptly made under the provisions of our statute, it is his
   holding that there is sufficient evidence to take the case to the jury, sub-
   jecting his rulings to exception and appeal, and having thus decided he
   may not after verdict set it aside for insufficient evidence to support it,
   and the judgment will be vacated and a new trial ordered.

APPEAL by plaintiff from *Sink, Special Judge,* at May Term, 1930,
of MECKLENBURG. Error and remanded.

Civil action to recover damages for personal injury resulting in death.
The jury found that the death of the plaintiff's intestate was caused by
the negligent operation of the defendant's coach as alleged, and assessed
the plaintiff's damages; whereupon, on motion of the defendant, his
Honor set aside the verdict as a matter of law. The plaintiff excepted
and appealed.

*Stewart & Bobbitt for plaintiff.*
*J. Lawrence Jones and N. A. Townsend for defendant.*

ADAMS, J. The trial court refused to dismiss the action as in case of nonsuit, but set aside the verdict as a matter of law without finding any facts or pointing out any error. The plaintiff excepted and appealed. In *Likas v. Lackey,* 186 N. C., 398, we held that an exception to an order setting aside a verdict as a matter of law cannot be sustained unless error is shown, because the order is presumed to be correct. Ordinarily the rule there stated will be observed; but in this case the briefs of the parties were prepared on the assumption that the reason assigned for vacating the verdict is the insufficiency of the evidence to support it, the plaintiff contending that the evidence is, and the defendant that it is not, sufficient to sustain the finding of the jury. We take this assumption of the parties to be correct.

At the close of the plaintiff's evidence the defendant demurred and moved for judgment as of nonsuit and renewed its motion at the conclusion of all the evidence. Each motion was denied and in each instance the defendant excepted. By refusing to dismiss the action the trial court adjudged that the evidence was of such probative character as to require the jury's answer to appropriate issues. Having in this way twice adjudged the sufficiency of the evidence, should not the court have regarded its judgment on this point as final?

It should be noted that as now enforced the right to demur to the evidence in a cause is conferred by statute. The immediate question, which relates to the scope of the statute and the function of the trial court, was considered and determined in *Riley v. Stone,* 169 N. C., 421. On page 424 it is said: "The motion to dismiss because there is not sufficient evidence to submit the case to the jury when made under the former practice cut off the further introduction of evidence. The statute extended the time for a renewal of the motion to the close of all the evidence. The judge had no power to extend it by amending the statute so as to permit the motion to be made a third time under the guise of 'renewed the motion' after verdict. His decision, twice made, that there was evidence to go to the jury, was final upon that point, subject to exception made and entered at the time."

*Chief Justice Pearson* remarked in *Stith v. Lookabill,* 71 N. C., 25, a case involving a demurrer under the former practice, "By a demurrer to the evidence the defendant puts the case, which means the exitus, issue, or end of the case, upon the sufficiency of the evidence. The judgment of the court decides the action one way or the other. But by this novel practice (set out in the opinion) the defendant has two chances to one, which is not 'fair play.'" In the case before us the defendant is given three chances to one.

This practice, if indulged, will lead to complications and in some instances to unnecessary appeals. We therefore adhere to the rule stated

in *Riley v. Stone, supra,* that the "decision, twice made, that there was evidence to go to the jury, was final upon that point, subject to exception made and entered at the time."

The order setting aside the verdict is vacated and the cause is remanded for further proceedings.

Error and remanded.