### HAZEL BATSON v. CITY LAUNDRY COMPANY.

(Filed 13 April, 1932.)

**Trial G a—After reserving rulings on motions of nonsuit court may not set aside verdict for insufficiency of evidence as a matter of law.**

Where the defendant moves for judgment as of nonsuit at the close of the plaintiff's evidence and at the close of all the evidence, and the court reserves his rulings on the motions until after verdict, upon the rendition of a verdict in the plaintiff's favor the court is without authority to set aside the verdict for insufficiency of the evidence as a matter of law, and grant the motion for judgment as of nonsuit made at the close of all the evidence. C. S., 567.

APPEAL by plaintiff from *Barnhill, J.,* and a jury, at October Term, 1931, of NEW HANOVER. Error and remanded.

This is an action for actionable negligence brought by plaintiff against the defendant, a corporation, to recover damages, for the alleged negligence of the defendant in failing to use due care to provide her with a reasonably safe place to work. That the defendant failed in the exercise of due care to provide a stairway or steps leading to the second floor, where its work was carried on, to be kept in a reasonably safe condition, in consequence of which she sustained personal injuries. That such negligence of defendant was the proximate cause of her injury.

The defendant denied negligence and pleaded contributory negligence.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, by her own negligence, contribute to her injuries, as alleged in the answer? Answer: No.

3. What damages, if any, is plaintiff entitled to recover of the defendant? Answer: $12,250."

The following judgment was rendered by the court below: "This cause coming on to be heard at this, the October Term, 1931, of New Hanover County Superior Court, before Hon. M. V. Barnhill, judge presiding, and a jury, and being heard, at the conclusion of plaintiff's testimony the defendant moved to dismiss the action as of nonsuit, and the court reserved its ruling thereon. At the conclusion of all the testimony, the defendant renewed its motion to dismiss the action as of nonsuit, and the court reserved its ruling thereon, and pending its ruling upon said motion, submitted the case to the jury. The jury having rendered the verdict which appears of record, the court now, on motion of the defendant, sets the same aside as a matter of law, for that there is no sufficient evidence to support the same, and further for that it is of the opinion that the plaintiff upon her own testimony is guilty of contributory negligence. Having set the verdict aside, the court now, on motion of the defendant, upon consideration of the motion of nonsuit made at the conclusion of all the testimony, being of the opinion that the same should be allowed. Orders, considers and adjudges that this action be, and the same is hereby dismissed as of nonsuit."

To the foregoing judgment as rendered, plaintiff excepted, assigned error and appealed to the Supreme Court.

*Herbert McClammy, Burney & McClelland and Rountree, Hackler & Rountree for plaintiff.*

*E. K. Bryan and L. Clayton Grant for defendant.*

CLARKSON, J. We think the only material question for us to decide: Does the judge, by reservation of his right to rule, until after verdict, upon defendant's motions to dismiss the action or for judgment as in case of nonsuit (C. S., 567), then have the power to set aside the verdict *as a matter of law* for insufficiency of the evidence, and allow judgment for nonsuit and dismissal? We think not.

Under the former practice, upon demurrer to the evidence no further evidence could be introduced on either side, N. C. Prac. & Proc. (McIntosh), at p. 615.

In *Stith v. Lookabill,* 71 N. C., at p. 29, *Pearson, C. J.,* has this to say: "A motion to nonsuit the plaintiff, in the midst of a trial, on the

BATSON *v.* LAUNDRY.

ground that his evidence does not make out a case; the counsel of defendant *stating that if his Honor should overrule the motion he had evidence to offer, showing title in himself*. By a demurrer to the evidence the defendant puts the case, which means the exitus issue, or end of the case, upon the sufficiency of the evidence. The judgment of the court decides the action one way or the other. By this novel practice the defendant has two chances to one, which is not 'fair play.'  .  .  . We cannot tolerate this mode of trial. Code Civil Procedure dispenses with the formal mode of commencing actions and of pleading, but it does not dispense with the rules of conducting trials which have been heretofore established as essential to the fair administration of the law. After a jury is empaneled both sides should, in the words of *Lord Mansfield,* 'play out their cards'; so, in our case, Lookabill is not at liberty to hold back his defense and 'fish for' the opinion of the Court, upon the case made by the plaintiff by a motion to nonsuit." *S. v. Adams,* 115 N. C., 775; *Riley v. Stone,* 169 N. C., at p. 422; *Godfrey v. Coach Co.,* 200 N. C., 41.

Now we have the statutory regulation which is as follows: C. S., 567. "When on trial of an issue of fact in a civil action or special proceeding, the plaintiff has introduced his evidence and rested his case, the defendant may move to dismiss the action, or for judgment as in case of nonsuit. If the motion is allowed the plaintiff may except and appeal to the Supreme Court. If the motion is refused the defendant may except, and if the defendant introduces no evidence the jury shall pass upon the issues in the action, and the defendant has the benefit of his exception on appeal to the Supreme Court. After the motion is refused he may waive his exception and introduce his evidence just as if he had not made the motion, and he may again move to dismiss after all the evidence on both sides is in. If the motion is then refused, upon consideration of all the evidence, he may except, and after the jury has rendered its verdict, he has the benefit of the latter exception on appeal to the Supreme Court. (Rev., sec. 539; 1897, ch. 109; 1899, ch. 131; 1901, ch. 594.)" In regard to criminal actions, see C. S., 4643.

"In the trial of issues of fact in a civil action or special proceeding, when the plaintiff has rested his case, the defendant may move to dismiss the action, or for judgment as in case of nonsuit. If the motion is allowed, the plaintiff may except and appeal; if the motion is refused, the defendant may except and go to the jury upon the evidence; and if there is a verdict and judgment against him, he may have the benefit of the exception on appeal. If the motion is refused, and the defendant introduces evidence, he waives his first exception, and he may renew his motion at the close of all the evidence; and if the motion is refused

he may except again, and if there is a verdict and judgment against him he may have the benefit of the last exception on appeal. This is the practice under the present statute, known as the 'Hinsdale Act,' and it is substantially a demurrer to the evidence without the common-law effect of necessarily ending the case." N. C. Prac. and Proc. in Civil Cases (McIntosh), chap. 15, sec. 565(2) at p. 612-13.

In *Nowell v. Basnight,* 185 N. C., at p. 148, we find: "If the first motion is overruled, the defendant may except and go to the jury; or except, introduce evidence and renew motion after all the evidence (citing authorities). Exception is waived if motion is not renewed" (citing authorities). In the above case the change of practice, under C. S., 567, is lucidly discussed by *Walker, J. Murphy v. Power Co.,* 196 N. C., at p. 494; *Lee v. Penland,* 200 N. C., at p. 341; *Debnam v. Rouse,* 201 N. C., 459.

In *Price v. Ins. Co.,* 200 N. C., at p. 428, speaking to the subject: "In the interpretation of the statute this Court has held that the trial judge has no power to grant the defendant's motion to dismiss the action for insufficient evidence as a matter of law after the verdict has been returned. *Godfrey v. Coach Co., ante,* 41. 'The judge has no power to extend the time by amending the statute so as to permit the motion to be made, . . . after verdict.' *Riley v. Stone,* 169 N. C., 421; (*Nowell v. Basnight,* 185 N. C., 143). After verdict he is remitted on this point, to the exercise of his discretion. *Lee v. Penland, ante,* 340. While a motion to dismiss for insufficient evidence must be disposed of before a verdict in the way the statute prescribes, a motion to set aside a verdict or judgment may be entertained for other errors of law committed during the trial, such, for example, as error in the admission or rejection of evidence or in the charge of the court to the jury." *Mewborn v. Smith,* 200 N. C., at p. 535.

In *Price v. Ins. Co.* (same case), 201 N. C., at p. 377, is the following: "Having adjudged the legal sufficiency of the evidence before verdict, the court could not after verdict and judgment reverse this ruling as a matter of law. On this point the defendant's remedy lay in its exception and appeal. *Godfrey v. Coach Co.,* 200 N. C., 41; *Lee v. Penland, ibid.,* 340; *Price v. Ins. Co., ibid.,* 427."

In *Goodman v. Goodman,* 201 N. C., p. 811, we find: "Expressions may be found in a number of cases to the effect that so far as the direct supervision of verdicts is concerned, the discretionary authority of the Superior Court is final (citing authorities). Where the jury has committed a palpable error, it is the duty of the trial judge to act so as to prevent a miscarriage of justice. *Hussey v. R. R.,* 183 N. C., 7, 110 S. E., 599. But in *Settee v. Electric Ry.,* 170 N. C., 365, 86 S. E., 1050,

it was said: 'The discretion of the judge to set aside a verdict is not an arbitrary one, to be exercised capriciously or according to his absolute will, but reasonably and with the object solely of preventing what may seem to him an inequitable result.' And speaking to the same question in *Cates v. Tel. Co.*, 151 N. C., 497, 66 S. E., 592, *Walker, J.*, observed: 'It rests in his sound discretion, which should be exercised always, not arbitrarily, but with a view to a correct administration of justice according to law.'" In the present action the court below could have set aside the verdict in its discretion, but this it did not do.

Following the decisions in *Price v. Ins. Co., supra; Godfrey v. Coach Co.*, 200 N. C., 41 (second appeal 201 N. C., 264), and *Lee v. Penland*, 200 N. C., 340, the judgment will be reversed and the cause remanded for further proceedings.

Error and remanded.