### B. P. JONES v. DIXIE FIRE INSURANCE COMPANY.

(Filed 14 October, 1936.)

**1. Trial G e: Appeal and Error J a—**

Where the court finds no facts and gives no reasons for his action in setting aside the verdict, it will be presumed on appeal that he set aside the verdict in the exercise of his discretionary power, which is not subject to review.

**2. Trial D a—**

Where a party fails to move for judgment as of nonsuit at the close of plaintiff's evidence, its motion therefor at the close of all the evidence cannot be granted, since the right to demur to the evidence is waived. C. S., 567.

**3. Same—**

The court may not grant a motion to nonsuit after verdict, even when motions therefor are aptly made during the trial and the court's ruling thereon reserved.

APPEAL by the plaintiff from *Sinclair, J.,* at April Term, 1936, of JOHNSTON. New trial.

This is an action upon a fire insurance policy issued to the plaintiff by the defendant, wherein the defendant interposes the defense that the interest of the plaintiff in the property insured was not an unconditional and sole ownership, and that the subject of the insurance was a building on ground not owned by the insured in fee simple, and that the policy sued on contained the following provisions: "This entire policy shall be void unless otherwise provided by agreement in writing added hereto, (a) if the interest of the insured be other than unconditional and sole ownership; or (b) if the subject of insurance be a building on ground not owned by the insured in fee simple."

The plaintiff offered evidence tending to show his title to the property described in the policy sued on, the issuance of the policy, the destruction by fire of the property, and the demand upon and refusal by the defendant to pay.

The defendant offered evidence tending to show that there was outstanding against the land, upon which the building described in the policy stood, an owelty charge.

The following appears at the close of the record: "At the close of all the evidence the defendant moved for judgment as of nonsuit on the grounds (1) that the plaintiff's title is other than sole and unconditional ownership; (2) that the owelty lien against the property constitutes the party in whose favor the lien exists as part owner or part tenant.

"The court: I will hold, gentlemen, that the holder of the owelty was a tenant in common and has an equity in the land.

"Gentlemen of the jury: We have been discussing some law which, in the opinion of the court, applies to this case, while you were out. I am submitting one issue to you: 'What amount, if anything, is the plaintiff entitled to recover of the defendant?' I charge you, gentlemen of the jury, if you find the facts to be as shown by all the evidence on both sides, the parol evidence and the record evidence introduced, it is your duty to answer the issue 'Nothing.'

"The jury answered the issue: '$850.00.' The court, *ex mero motu,* set aside the verdict of the jury.

"Counsel for defendant called the attention of the court to the fact that the motion made was a motion for nonsuit and not a motion for a directed verdict, and that its motion had not been passed upon by the court. The court stated that he had inadvertently overlooked the form of the motion; that the defendant had a right for its motion to be passed upon, and that the ruling he had announced, prior to submitting the case to the jury, indicated that he was holding with the defendant as a matter of law. He therefore granted the motion for judgment as of nonsuit, to which the plaintiff excepted.

"Judgment of nonsuit was entered in favor of the defendant, as appears in the record. The plaintiff excepted in open court and gave notice of appeal to the Supreme Court."

*W. J. Hooks* and *G. A. Martin* for plaintiff, appellant.
*Brooks, McLendon & Holderness* and *Abell & Shepard* for defendant, appellee.

SCHENCK, J. The assignments of error present two questions:

First: Did the court err in setting aside the verdict?

Second: Did the court err in allowing defendant's motion for judgment as in case of nonsuit?

The first question must be answered in the negative. The record does not state whether the verdict was set aside as a matter of law or as a matter of discretion. However, since no facts are found, and no reasons are given, it is presumed that the verdict was set aside in the exercise of the discretionary power vested in the trial judge; *Bird v. Bradburn,* 131 N. C., 488; *Braid v. Lukins,* 95 N. C., 123, and the exercise of this

discretionary power is not reviewable upon appeal. *Hoke v. Whisnant,* 174 N. C., 658.

The second question must be answered in the affirmative. The record discloses that no motion for judgment as in case of nonsuit was lodged "when the plaintiff introduced his evidence and rested his case," but was lodged for the first time "after all the evidence on both sides is (was) in." The defendant thereby lost his right under C. S., 567, to demur to the evidence. "The motion (for judgment as in case of nonsuit) cannot primarily come at the close of all the evidence. It must be made initially at the close of the plaintiffs' evidence, and, if the motion is refused, there may be an exception and appeal. But if evidence is offered by defendant, the exception is waived. At the end of all the evidence the exception may be renewed, but not then made for the first time." *Nowell v. Basnight,* 185 N. C., 142 (147), and cases there cited.

Even if the defendant had properly lodged its motion for judgment as in case of nonsuit when the plaintiff had introduced his evidence and rested his case, and had properly renewed it after all the evidence of both sides was in, still the court was without authority to allow the motion after the verdict; *Riley v. Stone,* 169 N. C., 421, and this is not affected by the reservation by the court of his ruling on the motion. *Batson v. Laundry,* 202 N. C., 560. See, also, N. C. Practice & Procedure (McIntosh), par. 565 (3), at pp. 613-14.

The judgment entered below is reversed and the case remanded for a New trial.