A. C. WARD T/A VICTORY CAB CO. v. MARTIN WESLEY CRUSE AND
AKERS MOTOR LINES, INC.

(Filed 31 October, 1951.)

**1. Trial § 48½ : Appeal and Error § 40b—**

The action of the trial court in setting aside the verdict in the exercise
of its discretion is not reviewable.

**2. Trial § 51: Appeal and Error § 40b—**

The action of the trial court in setting aside a verdict for error of law
committed in the trial is reviewable.

**3. Trial § 52½ —**

After verdict the trial judge may dismiss the action only for want of
jurisdiction or for failure of the complaint to state a cause of action.

**4. Trial § 26—**

The court may not dismiss the action for insufficiency of the evidence
by judgment as of nonsuit after the jury has rendered its verdict.

**5. Appeal and Error § 51b—**

A rule established by decisions of the Supreme Court should not be de-
parted from save for clear and compelling reasons, certainly not when the
prevailing rule is as sound and free from objectionable features as the
proposed rule.

APPEAL by plaintiff from *Sharp, Special Judge,* January-February
Term, 1951, RANDOLPH.

Civil action to recover for damages to plaintiff's taxicab resulting
from a taxi-tractor-trailer collision at a highway intersection.

On 13 October 1950 plaintiff was operating his taxi westwardly along
Highway 49 near Asheboro on his way to "pick up" passengers at one
Whitley's home near the intersection of Highways 49 and 64. Defendant
Cruse, operating the corporate defendant's tractor-trailer, was following
plaintiff about 250 or 300 feet to the rear. When plaintiff approached
Highway 64, he slowed down and gave a hand signal of his intention to
turn to the left. As he neared the intersection he cut to the center of the
road "astraddle the white line" and began to turn to the left. Cruse
proceeded to pass him on his right. About that time plaintiff heard
some boys to his right whistle and, thinking they were his passengers,
swerved back to his right to enter Highway 64 on that side. There was
a sideswiping collision causing considerable damage to the right side of
plaintiff's taxi. "The first contact of my car with his truck was right in
the middle of the intersection."

The usual issues of negligence, contributory negligence, and damages
were submitted to the jury which answered the first issue "yes," the
second issue "no," and the third issue "$450."

Upon the coming in of the verdict, the court, on motion of defendants, set the same aside. The court then stated it was of the opinion the motion to nonsuit should have been allowed and thereupon entered judgment dismissing the action as in case of nonsuit.

*Ottway Burton for plaintiff appellant.*
*H. M. Robins for defendant appellees.*

BARNHILL, J.   The trial judge set aside the verdict in the exercise of her sound discretion. Her action in so doing is not reviewable. *Riley v. Stone,* 169 N.C. 421, 86 S.E. 348; *Jones v. Insurance Co.,* 210 N.C. 559, 187 S.E. 769; *S. v. Caper,* 215 N.C. 670, 2 S.E. 2d 864.

The decisive question is this: Did the court below have authority to allow the motion to nonsuit and dismiss the action after the jury had rendered its verdict? This Court has consistently held to the negative view.

As stated, a trial judge may set aside a verdict in his discretion. He may set it aside as a matter of law for errors committed during the trial, and from this order the aggrieved party may appeal. *Culbreth v. Mfg. Co.,* 189 N.C. 208, 126 S.E. 419; *Akin v. Bank,* 227 N.C. 453, 42 S.E. 2d 518.

But it is settled law in this State that a trial judge may dismiss an action after verdict rendered only on two grounds: (1) want of jurisdiction, or (2) failure of the complaint to state a cause of action. *Riley v. Stone, supra; Jernigan v. Neighbors,* 195 N.C. 231, 141 S.E. 586; *Godfrey v. Coach Co.,* 200 N.C. 41, 156 S.E. 139.

When the issuable facts are settled by the verdict of the jury, the rights of the parties are thereby fixed and determined and the successful litigant is entitled to judgment on the verdict, subject only to (1) the right of the presiding judge to set aside the verdict, or to dismiss the action for want of jurisdiction or for failure of the complaint to state a cause of action, and (2) the right of the aggrieved litigant to appeal.

This rule applies to and forbids dismissal of the action by judgment as in case of nonsuit, after verdict, for insufficiency of the evidence. *Dickey v. Johnson,* 35 N.C. 450; *Riley v. Stone, supra; Vaughan v. Davenport,* 159 N.C. 369, 74 S.E. 967; *Nowell v. Basnight,* 185 N.C. 142, 116 S.E. 87; *Jernigan v. Neighbors, supra; Price v. Insurance Co.,* 201 N.C. 376, 160 S.E. 367; *Godfrey v. Coach Co., supra; Batson v. Laundry,* 202 N.C. 560, 163 S.E. 600; *Jones v. Insurance Co., supra; Bruton v. Light Co.,* 217 N.C. 1, 6 S.E. 2d 822.

The power of the court to grant an involuntary nonsuit is altogether statutory and must be exercised in accord with the statute. G.S. 1-183. *Riley v. Stone, supra.* While the motion is *in fieri* until verdict is

rendered, *Bruton v. Light Co., supra,* the ruling on the motion may not be reversed, *Price v. Insurance Co., supra,* or entered for the first time, *Jernigan v. Neighbors, supra; Batson v. Laundry, supra,* after the issuable facts are determined by the jury.

Of course, the question here presented involves a matter of adjective law, and the Court, in the beginning, might have adopted the procedure followed by the court below. It did not elect to do so. Each course has its merits. Both are subject to criticism. The writer has been among those who have looked with some disfavor on the prevailing rule. Even so, everything considered, it is the wiser rule. In any event, certainty in the law is much to be desired. For that reason, the Court should not depart from a long-established rule save for clearly impelling reasons. Certainly it should not do so when the prevailing rule is as sound and free from objectionable features as the alternate or proposed rule.

If the motion to nonsuit had been duly overruled and this Court, on defendants' appeal, had reversed, the cause would have been dismissed. Had this Court sustained the court below, the verdict and judgment would have stood. In either event, the litigation would have terminated.

Here the plaintiff can gain nothing that was not assured him had the prevailing rule been followed. Even if we entertained a contrary view on the merits of the motion to nonsuit and reversed on that ground, the verdict has been set aside and so the plaintiff would still be put to a new trial.

The judgment of nonsuit will be vacated and the cause restored to the civil issue docket for trial. At the rehearing the trial judge will be free to enter judgment as in case of nonsuit if he deems it proper so to do, unrestricted by anything said in this opinion.

Reversed.