### JUNIUS MARVIN TEMPLE v. ELSIE MAE TEMPLE.

(Filed 22 May, 1957.)

**1. Trial § 48½—**

After verdict the trial judge may not dismiss an action as in case of nonsuit for insufficiency of the evidence.

**2. Same—**

The trial judge may dismiss an action after verdict only on the ground of want of jurisdiction or failure of the complaint to state a cause of action.

**3. Process § 6—**

Affidavit that after due diligence personal service cannot be had on defendant within the State is requisite and jurisdictional to service outside the State, G.S. 1-98.4(a)(3), and where the record on appeal does not disclose such affidavit, service must be held ineffectual.

**4. Appeal and Error § 1—**

The jurisdiction of the Supreme Court is derivative, and where it appears that the court below had no jurisdiction, the Supreme Court can acquire none by appeal.

**5. Appeal and Error § 2—**

Where it appears on the face of the record that the court below had no jurisdiction, the Supreme Court will so declare *ex mero motu.*

**6. Appeal and Error § 40—**

Where the court below erroneously dismisses an action after verdict for insufficiency of the evidence, but it appears on the face of the record that the court had no jurisdiction of the parties, the correct result is reached, and the judgment will not be disturbed.

APPEAL by plaintiff from *Hobgood, J.,* and a jury, at November Civil Term, 1956, of JOHNSTON.

*E. Reamuel Temple, Jr., for plaintiff, appellant.*
*No counsel contra.*

JOHNSON, J.   Civil action by husband for absolute divorce on the ground of natural impotency of the wife.  G.S. 50-5(2).

The jury returned a verdict finding all the crucial issues in favor of the plaintiff.  After verdict, the trial judge, being of the opinion that the plaintiff's evidence was insufficient as a matter of law to justify a decree of absolute divorce on the ground of impotency, entered judgment nonsuiting and dismissing the action.  From the judgment so entered, the plaintiff appeals.

Under our decisions the question of the sufficiency of the evidence to carry a case to the jury must be decided by the judge before verdict. The rule is that after verdict the judge may not dismiss an action as in case of nonsuit for insufficiency of the evidence.  *Roberts v. Hill,* 240 N.C. 373, 82 S.E. 2d 373; *Ward v. Cruse,* 234 N.C. 388, 67 S.E. 2d 257; *Watkins v. Grier,* 224 N.C. 334, 30 S.E. 2d 219; *Batson v. Laundry,* 202 N.C. 560, 163 S.E. 600; *Mewborn v. Smith,* 200 N.C. 532, 157 S.E. 795.  The trial judge may dismiss an action after verdict on only two grounds:  (1) want of jurisdiction, and (2) failure of the complaint to state a cause of action.  *Ward v. Cruse, supra.*

It thus appears that the trial judge erred in dismissing the action after verdict on the ground of insufficiency of the evidence to support

the verdict. However, the error seems to be immaterial. This is so because of a fatal defect of jurisdiction appearing on the face of the record. The complaint alleges that the defendant is a resident of Lewistown, Pennsylvania. The transcript discloses purported service of summons upon the defendant by the Sheriff of Mifflin County, Pennsylvania. However, nowhere in the record is there a sworn statement or affidavit "That, after due diligence, personal service cannot be had within the state," as required by Chapter 919, Section 1, Session Laws of 1953, now codified in pertinent part as G.S. 1-98.4(a)(3). Compliance with this statute is mandatory. The affidavit or sworn statement is jurisdictional. Without it, service outside the State is ineffectual to bring the defendant into court. See *Nash County v. Allen,* 241 N.C. 543, 85 S.E. 2d 921; *Groce v. Groce,* 214 N.C. 398, 199 S.E. 388; *Denton v. Vassiliades,* 212 N.C. 513, 193 S.E. 737.

Jurisdiction of the Supreme Court is derivative, and where it appears that the court below had no jurisdiction, the Supreme Court can acquire none by appeal. *Spaugh v. Charlotte,* 239 N.C. 149, 79 S.E. 2d 748. Also, where it appears on the face of the record, as here, that the court below had no jurisdiction, this Court will so declare *ex mero motu.* *Ridenhour v. Ridenhour,* 225 N.C. 508, 35 S.E. 2d 617; *Hopkins v. Barnhardt,* 223 N.C. 617, 27 S.E. 2d 644.

Since the court below was without jurisdiction, its ruling in dismissing the case, though for an erroneous reason, will be upheld. The rule is that a correct decision of the lower court will not be disturbed because the court gave a wrong or insufficient reason therefor. *Bank v. McCullers,* 201 N.C. 440, 160 S.E. 494; *Rankin v. Oates,* 183 N.C. 517, 112 S.E. 32; *Scott v. Life Association,* 137 N.C. 515, top p. 521, 50 S.E. 221, mid. p. 223; *Bell v. Cunningham,* 81 N.C. 83.

The results, then, are: the ruling of the Superior Court in dismissing the plaintiff's action is sustained and the appeal to this Court is dismissed.

Appeal dismissed.