SAMUEL BITTLE v. WILLIAM JOSEPH JARRELL AND GUILFORD DAIRY COOPERATIVE, INC.

(Filed 3 May, 1967.)

**1. Trial §§ 20, 53—**

The court may not set aside the verdict of the jury on the ground that the court had committed error of law in denying defendant's motions for nonsuit aptly made, or for the insufficiency of the evidence as a matter of law to support the verdict.

**2. Appeal and Error § 55—**

Where the record discloses that the second issue submitted in a negligence action was whether defendant by his own negligence contributed to his injuries, the judgment must be vacated and the cause remanded for a new trial, notwithstanding stipulations of the parties that the second issue should correctly read whether plaintiff by his own negligence contributed to his injuries, since whether the jury understood that the second issue used the word "defendant" where it should have used "plaintiff" is not certain, and in any event judgment could not be rendered for plaintiff upon the verdict of record.

APPEAL by plaintiff from *Johnston, J.,* 7 November 1966 Session of RANDOLPH.

*Gerald C. Parker for plaintiff appellant.*

*Lovelace, Hardin & Bain by Edward R. Hardin for defendant appellees.*

PARKER, C.J.   Civil action by plaintiff to recover damages for personal injuries and injury to an automobile allegedly proximately caused by the actionable negligence of William Joseph Jarrell in the operation of a truck owned by the corporate defendant, as an employee of the corporate defendant and acting in the course of his employment. Defendants filed a joint answer denying negligence, and, as a further answer and defense, conditionally pleading contributory negligence of plaintiff as a bar to any recovery upon his part.

Both plaintiff and defendant introduced evidence. After the charge of the court, the jury returned a verdict finding that the plaintiff was injured and his property damaged by the negligence of the defendants as alleged in the complaint, that the "defendant" was free from contributory negligence, and awarded plaintiff damages to his automobile in the sum of $800 and damages to his person in the sum of $50. After the verdict, the trial judge being of the opinion that the "verdict should be set aside as a matter of law for error by the Court in failing to grant the defendants' motion for nonsuit at the close of all the evidence," entered judgment adjudging and decreeing "that the jury's verdict be set aside for error of law by the Court in failing to grant the defendants' motion for nonsuit at the close of all the evidence and the cause continued for the term." From the judgment entered, plaintiff appeals.

Plaintiff assigns as error "that the Court erred in entering judgment of nonsuit (R. pp. 41-42) after the jury had answered the issues in favor of the plaintiff." This assignment of error is not hap-

pily worded, because the court did not enter judgment of nonsuit but set the jury's verdict aside for error of law for insufficiency of evidence and continued the case. Considering the record and the briefs of the parties, we interpret this assignment of error in effect as meaning that the judge erred in setting the verdict aside as a matter of law for insufficiency of the evidence to support it. This assignment of error is sustained.

In *Ward v. Cruse,* 234 N.C. 388, 67 S.E. 2d 257, the Court said:

"(A) trial judge may set aside a verdict in his discretion. He may set it aside as a matter of law for errors committed during the trial, and from this order the aggrieved party may appeal. *Culbreth v. Mfg. Co.,* 189 N.C. 208, 126 S.E. 419; *Akin v. Bank,* 227 N.C. 453, 42 S.E. 2d 518.

\* \* \*

"When the issuable facts are settled by the verdict of the jury, the rights of the parties are thereby fixed and determined and the successful litigant is entitled to judgment on the verdict, subject only to (1) the right of the presiding judge to set aside the verdict, or to dismiss the action for want of jurisdiction or for failure of the complaint to state a cause of action, and (2) the right of the aggrieved litigant to appeal.

"This rule applies to and forbids dismissal of the action by judgment as in case of nonsuit, after verdict, for insufficiency of the evidence. *Dickey v. Johnson,* 35 N.C. 450; *Riley v. Stone, supra* [169 N.C. 421, 86 S.E. 348]; *Vaughan v. Davenport,* 159 N.C. 369, 74 S.E. 967; *Nowell v. Basnight,* 185 N.C. 142, 116 S.E. 87; *Jernigan v. Neighbors, supra* [195 N.C. 231, 141 S.E. 586]; *Price v. Insurance Co.,* 201 N.C. 376, 160 S.E. 367; *Godfrey v. Coach Co., supra* [200 N.C. 41, 156 S.E. 139]; *Batson v. Laundry,* 202 N.C. 560, 163 S.E. 600; *Jones v. Insurance Co., supra* [210 N.C. 559, 187 S.E. 769]; *Bruton v. Light Co.,* 217 N.C. 1, 6 S.E. 2d 822.

"The power of the court to grant an involuntary nonsuit is altogether statutory and must be exercised in accord with the statute. G.S. 1-183. *Riley v. Stone, supra.* While the motion is *in fieri* until verdict is rendered, *Bruton v. Light Co., supra,* the ruling on the motion may not be reversed, *Price v. Insurance Co., supra,* or entered for the first time, *Jernigan v. Neighbors, supra; Batson v. Laundry, supra,* after the issuable facts are determined by the jury."

To the same effect, *Temple v. Temple,* 246 N.C. 334, 98 S.E. 2d 314; *Bethea v. Kenly,* 261 N.C. 730, 136 S.E. 2d 38; 1964 Pocket Parts

by Dickson Phillips, Dean, School of Law, University of, North Carolina, 2 McIntosh, N. C. Practice and Procedure, 2d Ed., § 1598, p. 31.

In *Tayloe v. Telephone Company,* 258 N.C. 766, 129 S.E. 2d 512, the Court said:

> "The record discloses that after verdict the very able judge who tried this case came to the conclusion that the motions for nonsuit should have been allowed. However, he was then powerless to grant the motion under the rule in this State which forbids dismissal of an action after verdict by judgment as of nonsuit for insufficiency of evidence. *Ward v. Cruse,* 234 N.C. 388, 67 S.E. 2d 257; *Temple v. Temple,* 246 N.C. 334, 98 S.E. 2d 314."

This is said in 88 C.J.S., Trial, p. 585: "Ordinarily, a nonsuit may not be granted after the jury have returned a verdict, even though the motion was made before the case was submitted to the jury and decision thereon reserved." *Corpus Juris Secundum* cites in support of this statement *Ward v. Cruse, supra,* and *Jones v. Insurance Co.,* 210 N.C. 559, 187 S.E. 769.

We adhere to the rule stated in *Riley v. Stone,* 169 N.C. 421, 86 S.E. 348, that "His decision, twice made, that there was evidence to go to the jury, was final upon that point, subject to exception made and entered at the time." The judgment setting aside the jury's verdict "for error of law by the Court in failing to grant the defendants' motion for nonsuit at the close of all the evidence" is vacated.

The record shows that the second issue submitted to the jury, taken to the jury room by them, and returned by them to the judge in open court answered "No" reads as follows: "If so, did the defendant, by his own negligence, contribute to his injuries and damages, as alleged in the Answer?" In its charge, the court in part charged as follows: "But, if you answer the first issue YES, then you will go and answer the second issue, which reads: 'If so, did the defendant by his own negligence contribute to his injuries and damages, as alleged in the Answer?' " We have before us an addendum to the record in the form of a stipulation signed by attorneys of record for the parties as follows:

> "Whereas the second issue in the above entitled matter erroneously referred to the defendant when reference should have been made to the plaintiff and it was the intention of all parties and proper instruction was made to the jury concerning said

issue as it was intended that such should have read; it is, therefore, stipulated between counsel for all parties to this action that the second issue read as follows:

"'2. If so, did the plaintiff, by his own negligence, contribute to his injuries and damages, as alleged in the Answer?' "This 26th day of April, 1967."

The judge's charge was oral, the issues were in the jury room in writing. We can speculate or conjecture that the jury understood that the second issue used the word "defendant" where it should have used the word "plaintiff," but we cannot be sure. What effect it had upon the jury, and whether the jury's intention was to find the defendant free from contributory negligence or the plaintiff free from contributory negligence, we cannot know with certainty. The judgment, as it stands, nullifies the verdict; if it is vacated and the plaintiff requests a judgment in accordance with the verdict, he will be confronted with the second issue reading: "If so, did the defendant, by his own negligence, contribute to his injuries and damages, as alleged in the Answer?" In this confusing state of the verdict, we think the safest course to follow is this: The judgment is vacated, the verdict set aside by us, and a new trial ordered.

New trial.